UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:20-cv-22783

KATHRYN BIRREN,
AND MANDY BIRREN,

    Plaintiffs,

v.

ROYAL CARIBBEAN CRUISES, LTD.,
A LIBERIAN CORPORATION,

    Defendant.

_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY

Plaintiffs, KATHRYN BIRREN AND MANDY BIRREN ("Plaintiffs"), through undersigned counsel, sues Defendant, ROYAL CARIBBEAN CRUISES, LTD. ("Defendant"), and demands trial by jury, stating as follows:

### PARTIES AND JURISDICTION

1.    Plaintiffs seek damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees.

2.    This Court has Diversity Jurisdiction pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state. Further, this Court has admiralty and maritime jurisdiction pursuant to 28 U.S.C.§ 1333 as the causes of action asserted are maritime torts.

3.    Suit is filed in Federal Court because of the federal forum selection clause in the Passenger Contract Ticket issued by the Defendant.

4. Plaintiff, KATHRYN BIRREN, is *sui juris* and is a resident and citizen of the state of Florida.

5. Plaintiff, MANDY BIRREN, is *sui juris* and is a resident and citizen of the state of Florida.

6. The claims asserted by KATHRYN BIRREN and MANDY BIRREN arise out of the same common nucleus of operative fact.

7. Defendant is a foreign corporation who is authorized to conduct and who does conduct business in the State of Florida, who at all times material hereto was and is doing business in Miami-Dade County, Florida, and who maintains its corporate headquarters and principal place of business in Miami-Dade County Florida.

8. Defendant is a citizen of the State of Florida.

9. Defendant, at all times material hereto, personally or through an agent, in the County and in the District in which this Complaint is filed:

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

   b. Had an office or agency in this state and/or county; and/or

   c. Engaged in substantial activity within this state; and/or

   d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

10. At all times material hereto, Defendant owned, operated, maintained, managed, and/or controlled the subject elevator, area, and the vicinity involved in Plaintiffs' incident.

11. At all times material hereto, Defendant owned, operated, maintained, managed, and/or controlled the cruise ship, the RCCL Harmony of the Seas.

12. At all times material hereto, Defendant owned, operated, maintained, managed, and/or controlled the subject elevator, area, and the vicinity.

13. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## FACTUAL ALLEGATIONS

14. The incident occurred on or about September 7, 2019 while Plaintiffs were lawfully paying passengers on Defendant's cruise ship vessel, the RCCL Harmony of the Seas.

15. When Plaintiffs were walking out of the elevator on deck 6, the elevator doors abruptly closed unusually soon and at an unusually fast speed, striking Kathryn Birren's arm. As a result, Kathryn Birren collided with her daughter, Mandy Birren. As a result, Plaintiffs suffered severe injuries that include, but are not limited to, bulging and herniated disks, nerve damage, and other injuries to their arm(s), neck(s), and/or back(s), which require surgery.

16. However, when Kathryn Birren presented to the medical center, she was not adequately treated, her injuries were not adequately diagnosed, and no adequate x-rays were taken.

17. At all times relevant, the subject elevator, area, and the vicinity, were unreasonably dangerous, risk-creating, defective, outdated, improperly designed, improperly installed, and/or otherwise unsafe.

18. The subject elevator, area, and the vicinity lacked adequate safety features to prevent Plaintiffs' incident.

19. These hazardous conditions were known, or should have been known, to Defendant in the exercise of reasonable care.

20. These hazardous conditions existed for a period of time before the incident.

21. These conditions were neither open nor obvious to Plaintiffs.

22. At all times relevant, Defendant failed to adequately inspect the area of Plaintiffs' incident for dangers, and Defendant failed to adequately warn Plaintiffs of the dangers.

23. At all times relevant, Defendant failed to eliminate the hazards.

24. At all times relevant, Defendant failed to maintain the elevator, area, and the vicinity in a reasonably safe condition.

25. At all times relevant, Defendant participated in the design and/or approved the design of the subject elevator, area, and the vicinity involved in Plaintiffs' incident.

26. At all times relevant, Defendant participated in the installation and/or approved the installation of the subject elevator, area, and the vicinity involved in Plaintiffs' incident.

## COUNT I – NEGLIGENCE

Plaintiffs hereby adopt and re-alleges each and every allegation in paragraphs 1 through 26 as is set forth herein.

27. The Defendant owed a duty to exercise reasonable care under the circumstances for the safety of its passengers.

28. Such duty includes, but is not limited to, the duty to provide its passengers reasonable care to inspect for and resolve dangerous, risk-creating, and hazardous conditions that passengers, including the Plaintiffs, will likely encounter.

29. Such duty includes, but is not limited to, the duty to maintain the subject elevator, area, and the vicinity in a reasonably safe condition.

30. Such duty includes, but is not limited to, the duty to warn passengers of hazards which passengers may reasonably be expected to encounter.

31. At all times material, the Defendant, through its vessel, crew, agents, employees,

staff, and/or representatives, who were acting in the course and scope of their employment and/or agency with the Defendant, breached the duty of reasonable care owed to the Plaintiffs and were negligent in one or more of the following ways:

a. Failing to inspect, keep, and maintain the subject elevator, area, and the vicinity in a reasonably safe condition;

b. Failing to install proper and reasonable safeguards to prevent passengers and people from being injured when using the subject elevator, area, and the vicinity;

c. Failing to take proper precautions for the safety of passengers and people using the subject elevator, area, and the vicinity;

d. Failing to warn Plaintiffs of the risk-creating conditions of the subject elevator, area, and the vicinity;

e. Participating in and/or approving the design and/or installation of the dangerous and/or defective elevator, area, and the vicinity;

f. Failing to warn of known dangerous design and/or other defects of the subject elevator, area, and the vicinity;

g. Failing to adequately inspect and maintain the subject elevator, area, and the vicinity;

h. Failing to have adequate policies and procedures in place for inspection and maintenance of the subject elevator, area, and the vicinity;

i. Creating a risk-creating condition and/or failing to remedy a risk-creating condition which was known by the Defendant and which in the exercise of reasonable care should have been known by the Defendant;

j. Failing to employ sufficient crewmembers and/or adequately trained crewmembers to properly inspect and maintain the area where Plaintiffs' incident occurred, and

Defendant knew or should have known that this area was inadequately staffed;

k. Failing to provide elevators that were safe for passengers such as Plaintiffs, including failing to provide elevators that were reasonably safely designed and/or elevators that were allowed to become unsafe;

l. Failing to comply with applicable standards, statutes, or regulations the violation of which is negligence per se and/or evidence of negligence;

m. Through causing the subject elevator doors to close when they should not have closed, and/or failing to prevent the same from occurring, as well as failing to warn of the same;

n. Through utilizing an elevator that had doors that closed with an excessive amount of force, that closed without adequate time for passengers to get on and off the subject elevator, and at an excessive speed, as well as failing to warn of the same:

o. Through utilizing elevators that did not adequately detect the presence of passengers in the doorway when its doors closed, as well as failing to warn of the same;

p. Failing to otherwise maintain the area and the premises in a safe and reasonable manner; and/or

q. Through other acts or omissions constituting a breach of the duty to use reasonable care which will be revealed through discovery.

32. Defendant's negligence proximately caused Plaintiffs great bodily harm in that, but for the Defendant's negligence, Plaintiffs' injuries would not have occurred.

33. Defendant either (a) had actual knowledge of the risk-creating conditions; (b) had constructive knowledge of the risk-creating conditions; (c) would have had knowledge of the risk-

creating conditions had the Defendant implemented proper methods of inspection; and/or (d) created the risk-creating conditions.

34. As a result of Defendant's negligence, Plaintiffs have suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost wages, and loss of future earning capacity.

35. The losses are either permanent or continuing in nature.

36. Plaintiffs have suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiffs, KATHRYN BIRREN and MANDY BIRREN, demand Judgment against Defendant, ROYAL CARIBBEAN CRUISES, LTD., for damages suffered and costs incurred, as well as for damages and costs that Plaintiffs will suffer and incur in the future, as a result of Plaintiffs' bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost wages, loss of future earning capacity, loss of important bodily functions, and loss of capacity for the enjoyment of life; for all court costs, pre-and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

## COUNT II –
## STRICT PRODUCTS LIABILITY AGAINST DEFENDANT FOR THE NEGLIGENT DESIGN AND INSTALLATION OF THE SUBJECT ELEVATOR, AREA, AND THE VICINITY

Plaintiffs hereby adopts and re-allege each and every allegation in paragraphs 1 through 26 as is set forth herein.

37. At all times material hereto, Defendant owed a duty to its passengers, and in particular to Plaintiffs, not to permit hazards to be in places where they could harm passengers,

such the area of the incident, as well as to design and install reasonable safeguards.

38. At all times material hereto, Defendant participated in the design process of the subject vessel by generating design specifications for the shipbuilder to follow, and put the vessel on which the Plaintiffs were injured into the channels of trade.

39. At all times material hereto, Defendant manufactured, designed, installed, and/or utilized the RCCL Harmony of the Seas, including providing specifications to the shipbuilder in the original build process, or during its refurbishments, and as such owed a duty to its passengers, and in particular to the Plaintiffs, to design and install the vessel's elevator, area, and the vicinity without any defects.

40. At all times material hereto, Defendant through its agents and/or employees who were acting in the course and scope of their employment and/or agency with Defendant, installed and designed the subject elevator, area, and the vicinity involved in Plaintiffs' incident, which was also in violation of the applicable industry standards.

41. Upon information and belief, Defendant provides design elements of the vessels to the ship builder which includes the vessel's elevator, area, and the vicinity.

42. Upon information and belief, Defendant maintains the contractual right to participate, review, modify, and/or reject the design plans and drawings of the vessels, including the RCCL Harmony of the Seas, during the new build process.

43. Upon information and belief, Defendant has the right to enter the ship and inspect it during construction to ensure that it is being constructed in accordance with the design specifications and has a right to insist on changes when safety concerns are identified.

44. Upon information and belief, Defendant has the right to inspect and reject design elements before taking possession of the ship.

45. At all times material hereto, Defendant knew or had reason to know that the subject

elevator, area, and the vicinity involved in Plaintiffs' incident, were unreasonably and inherently dangerous.

46. Defendant should have known of these dangerous conditions through inspecting the subject elevator, area, and the vicinity involved in Plaintiffs' incident, and if it did not know of these dangerous conditions, this was because it failed to adequately inspect the subject elevator, area, and the vicinity involved in Plaintiffs' incident.

47. In addition, Defendant either knew or should have known of these dangerous conditions, due to reasons that include, but are not limited to, prior substantially similar incidents, complaints of incidents, complaints of these conditions, the length of time that these conditions existed, because these conditions violated relevant safety standards, and/or for other reasons, including, but not limited to, reasons that will be revealed during discovery.

48. However, Defendant permitted dangerous deficiencies to be present in the area of the incident without correcting these design deficiencies, and did not design and install reasonable safeguards.

49. The design flaws that made the subject elevator, area, and the vicinity involved in Plaintiffs' incident inherently and unreasonably dangerous was the direct and proximate cause of Plaintiffs' injuries.

50. Defendant is strictly liable for the design flaws of the vessel, including of the subject elevator, area, and the vicinity in Plaintiffs' incident, which it knew or should have known of.

51. Defendant failed to correct and/or remedy the defective conditions despite the fact that they knew or should have known their danger.

52. As a result of Defendant's negligence, Plaintiffs have suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the

enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost wages, and loss of future earning capacity.

53. The losses are either permanent or continuing in nature.

54. Plaintiffs have suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiffs, KATHRYN BIRREN and MANDY BIRREN, demand Judgment against Defendant, ROYAL CARIBBEAN CRUISES, LTD., for damages suffered and costs incurred, as well as for damages and costs that Plaintiffs will suffer and incur in the future, as a result of Plaintiffs' bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost wages, loss of future earning capacity, loss of important bodily functions, and loss of capacity for the enjoyment of life; for all court costs, pre-and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

(Space Intentionally Blank)

## DEMAND FOR JURY TRIAL

Plaintiffs, KATHRYN BIRREN AND MANDY BIRREN, demand trial by jury on all issues so triable.

**Dated:** July 7, 2020.

Respectfully submitted,

 */s/* Spencer M. Aronfeld
**Spencer M. Aronfeld, Esq.**
Florida Bar No.: 905161
aronfeld@Aronfeld.com
**Abby Hernández Ivey, Esq.**
Florida Bar No.: 1002774
aivey@aronfeld.com
**Matthias M. Hayashi, Esq.**
Florida Bar No.: 115973
mhayashi@aronfeld.com
ARONFELD TRIAL LAWYERS
1 Alhambra Plaza, Penthouse
Coral Gables, Florida 33134
P:        (305) 441.0440
F:        (305) 441.0198
***Attorneys for Plaintiffs***