**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 1:20-cv-22783-BLOOM/LOUIS

KATHRYN BIRREN
and MANDY BIRREN,

    Plaintiffs,

v.

ROYAL CARIBBEAN CRUISES LTD.,

    Defendant.
_____/

**DISCOVERY ORDER**

    **THIS CAUSE** comes before the Court upon Plaintiffs' Notice of Discovery Issues (ECF No. 33). This matter was referred to the undersigned United States Magistrate Judge by the Honorable Beth Bloom, United States District Judge, for disposition of all discovery matters (ECF No. 11). A hearing was conducted on the noticed disputes on March 16, 2021. At the hearing, Plaintiffs sought an order compelling Defendant to disclose contact information for, and the hand-written statements by, the passengers involved in the 29 prior incidents Defendant has disclosed in the course of discovery.[1] Defendant has withheld the passenger statements on the assertion that they constitute protected work product. Leave was granted for Defendant to file a memorandum in support of its assertion of work product protection over the passenger statements (ECF No. 39). Having now reviewed Defendant's Memorandum of Law in Support of its Assertion of Work Product Privilege

---

[1] Defendant has since withdrawn its objection to the production of contact information for passengers involved in the previously disclosed prior incidents (ECF No. 45 at 2, n. 1).

1

(ECF No. 45), affidavit in support (ECF No. 27-1), Plaintiffs' response (ECF No. 46), and being otherwise duly advised on the matter, the Court finds that the passenger statements at issue are not protected by work product privilege.

"The attorney work product privilege generally protects documents prepared by an attorney in anticipation of litigation." *Miccosukee Tribe of Indians of Fla. v. U.S*., 516 F.3d 1235, 1263 (11th Cir. 2008) (citing *Hickman v. Taylor*, 329 U.S. 495, 509-10 (1947)). Thus, "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3)(A). Included under the work product doctrine are "witness statement[s] taken by a party's attorney or agent in anticipation of litigation." *Bridgewater v. Carnival Corp*., 286 F.R.D. 636, 644 (S.D. Fla. 2011).

Here, Defendant asserts work product privilege over passenger injury statements, which were each made using a standardized form containing the following instructions/questions for an injured passenger to fill out in their own words: "describe in detail how the incident happened"; "what do you think caused the incident?"; and "what could you (or anyone else) have done to avoid the incident?" (ECF No. 45 at 5-6). Defendant claims that these passenger injury statements are tangible forms that were prepared in anticipation of litigation by or for Defendant, or for its representative (*id*. at 4).

While the form itself*, i.e*. the questions and instructions, might have been prepared by Defendant or its counsel in anticipation of litigation, this form has already been disclosed (*see* ECF No. 45-2) and there is no meaningful argument that the form continues to enjoy protection from disclosure on the basis that counsel drafted the form. What Plaintiffs here seek are the responses prepared by the injured passengers themselves, in which they describe the circumstances leading to their injury. The assertion of work product protection over such forms was been rejected by the

court in *Holbourn v. NCL (Bahamas) Ltd.*, No. 14-21887-CIV, 2014 WL 12600498, at *2 (S.D. Fla. Oct. 30, 2014), and by this Court recently in *Johnson v. Carnival Corp.*, No. 19-CV-23167, 2020 WL 5653818, (S.D. Fla. Sept. 23, 2020), *aff'd*, No. 19-CV-23167, 2020 WL 6544490 (S.D. Fla. Nov. 6, 2020). Defendant attempts to distinguish my decision in *Johnson* on the basis that the defendant there failed to assert that any of the content of the statement constituted work product protection, and indeed, defense counsel in *Johnson* conceded that there was not a word on the page that was not a fact discoverable by plaintiff. By contrast, Defendant herein argues that two questions on the form reveal opinion work product, in that the questions ask the injured passenger to opine on causation and comparative fault. Of course, what is reflected on the form is the perception *of the injured passenger*, not of the adverse party, its counsel or a third-party witness. Moreover, this is not a basis to distinguish my opinion in *Johnson*, as substantially identical questions were posed by the defendant's form there.

Having examined the form, the affidavit in support of the assertion of protection, and upon consideration of arguments raised by Defendant, I find Defendant has not carried its burden to show that the passenger statements were prepared in anticipation of litigation and entitled to work product protection. The form is indistinguishable from that at issue in *Johnson*, and similarly, Defendant's evidence advanced in support of the assertion of work production privilege describes in generalities the Defendant's practices attendant to passenger complaints, but are too conclusory to evidence the circumstances surrounding these particular statements. For the reasons explained in *Johnson*, I will overrule the assertion of privilege and compel the production of the passenger statements.

Moreover, work product privilege is a qualified privilege that "may have to yield to a compelling need for information that can only be found in the protected document." *Eisenberg v.*

*Carnival Corp.*, No. 07-22058-CIV, 2008 WL 2946029, at *3 (S.D. Fla. July 7, 2008). Work product is still subject to discovery "upon a showing that the party seeking discovery has substantial need of the materials in preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." *Bridgewater*, 286 F.R.D. at 639 (citing *Calderon v. Reederei Claus–Peter Offen GmbH & Co.*, No. 07–61022–CIV–COHN/SELTZER, 2009 WL 1748089, *1–2 (S.D. Fla. June 19, 2009)). Plaintiffs herein allege that Defendant knew or should have known about the condition that caused Plaintiffs' injuries due to prior similar incidents and complaints, among other sources of knowledge (ECF No. 8 at ¶ 18). The contested passenger statements constitute factual descriptions of the circumstances surrounding those similar events for which Plaintiffs have demonstrated a need and no alternative ability to discover. Thus, even if the passenger injury statements are work product, those that pertain to injuries similarly cause by malfunctioning elevators are here discoverable.

Based on the forgoing, the Court hereby **ORDERS** that Defendant produce the 29 passenger injury statements previously identified to the Plaintiffs.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 21st day of April, 2021.

_____
LAUREN FLEISCHER LOUIS
UNITED STATES MAGISTRATE JUDGE