UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-22783-BLOOM/Louis

KATHRYN BIRREN and
MANDY BIRREN,

    Plaintiffs,

v.

ROYAL CARIBBEAN CRUISES, LTD.,
a Liberian corporation,

    Defendant.
_____/

## ORDER OVERRULING OBJECTIONS AND DENYING MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court upon Plaintiffs Kathryn Birren and Mandy Birren's ("Plaintiffs") Objections to the Honorable Magistrate Judge's Order on CCTV Spoliation, ECF No. [83] ("Objections"), and Plaintiffs' Motion for Reconsideration of This Court's Order, ECF No. [82] ("Motion for Reconsideration"). To date, Defendant has not filed objections or a response in opposition to the Motion for Reconsideration.

On July 20, 2021, Plaintiffs filed a Motion for Sanctions for Spoliation of Evidence. *See* ECF No. [65] ("Motion for Sanctions"). On November 19, 2021, after reviewing the Motion for Sanctions, Defendant's Response, and Plaintiffs' Reply, Magistrate Judge Lauren Louis entered an Order denying Plaintiffs' Motion for Sanctions. *See* ECF No. [80] ("Order"). Plaintiffs filed timely objections. *See* ECF No. [83]. This Court has reviewed the Order in accordance with Fed. R. Civ. P. 72(a) to determine whether the Order is clearly erroneous or contrary to the law. *See also* 28 U.S.C. § 636(b)(1)(A). For the reasons set forth below, following a comprehensive review, the Court determines that Plaintiffs' Objections are without merit and that Judge Louis' Order is

well reasoned and correct. As such, the Court overrules Plaintiffs' Objections and denies the Motion for Reconsideration as moot.

## I. BACKGROUND

On July 7, 2020, Plaintiffs initiated this maritime personal injury action against Defendant. *See* ECF No. [1]. In discovery, Defendant produced a total of eleven (11) minutes and four (4) seconds of relevant video footage: eight (8) minutes and twenty-eight (28) seconds of pre-incident footage and two (2) minutes and thirty (30) seconds of post-incident footage. *See* ECF No. [80] at 2. The video also shows the elevator doors closing abruptly multiple times before Plaintiffs' incident. *See id.* Plaintiffs filed a Motion for Sanctions pursuant to Rule 37(e) because Defendant preserved less than ten (10) or fifteen (15) minutes of footage prior to Plaintiffs' incident and failed to preserve five (5) minutes of footage after the incident. *See generally* ECF No. [65]. Judge Louis' Order denied Plaintiffs' Motion for Sanctions because two (2) prongs of Rule 37(e) were not satisfied: (1) Defendant did not have a duty to preserve additional video footage in anticipation of litigation; and (2) the additional footage was not lost because Defendant failed to take reasonable steps to preserve it. *See generally* ECF No. [80].

In the Objections, Plaintiffs argue that there is a "need to correct clear error or prevent manifest injustice." ECF No. [83] at 2. According to Plaintiffs, Defendant had a legal duty to preserve enough video footage required to establish constructive notice of the dangerous condition and that the footage Defendant preserved was not sufficient to establish constructive notice. *See* ECF No. [83] at 3-4. Plaintiffs also argue that Judge Louis' analysis that Defendant took reasonable steps to preserve the footage was mistaken because it improperly relied on *Reed v. Royal Caribbean Cruises, Ltd.*, No. 19-24668-CIV, 2021 WL 3557747, at *8 (S.D. Fla. Mar. 4, 2021). *See* ECF No. [83] at 4-5.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure Rule 72(a) states:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a).

"A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.,* 68 S.Ct. 525, 542 (1948). "[A]n order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Tolz v. Geico Gen. Ins. Co.*, No. 08-80663-CIV-JOHNSON, 2010 WL 384745, at *2 (S.D. Fla. Jan. 27, 2010) (citing *Pigott v. Sanibel Development, LLC,* Case No. 07-0083, 2008 WL 2937804 at *5 (S.D. Ala. July 23, 2008)).

Further, courts may impose sanctions under Rule 37(e) only if four requirements are met: "(1) the information sought constitutes ESI; (2) the ESI should have been preserved in anticipation of litigation; (3) the ESI is lost because a party failed to take reasonable steps to preserve it; and (4) the ESI cannot be restored or replaced through additional discovery." *Title Cap. Mgmt., LLC v. Progress Residential, LLC*, No. 16-21882-CV, 2017 WL 5953428, at *3 (S.D. Fla. Sept. 29, 2017) (citing Fed. R. Civ. P. 37(e)).

### III. DISCUSSION

#### A. Duty to Preserve Footage in Anticipation of Litigation

First, Plaintiffs argue that Judge Louis' Order – that Plaintiffs' cited cases fail to "provide a logical foundation for the 10-15 minute figure Plaintiff asserts should govern Defendant's duty" – is mistaken. *See* ECF No. [83] at 3. Plaintiffs argue that *Chiverton v. World Fresh Mkt., LLC*, 69 V.I. 129 (V.I. Super. 2017), a case from the Superior Court of the Virgin Islands, established that the defendant had a legal duty to preserve enough video to establish constructive notice in anticipation of litigation. *See* ECF No. [83] at 3. Plaintiffs also cite several cases that indicate that ten (10) to fifteen (15) minutes of pre-incident footage are sufficient to establish constructive notice in Florida courts. *See id.* at 3-4 (citing *Thomas v. NCL (Bahamas), Ltd.*, 203 F. Supp. 3d 1189, 1193 (S.D. Fla. 2016); *Lebron v. Royal Caribbean Cruises Ltd.*, 818 F. App'x 918, 921 (11th Cir. 2020)).

However, the Court is not persuaded. First, as Plaintiffs concede, "*Chiverton* does not explicitly state that Defendants [*sic*] are legally required to preserve 10-15 minutes of CCTV prior to an incident." ECF No. [83] at 3. Rather, the court in *Chiverton* held that the defendant had a duty to preserve sufficient video footage to establish constructive notice and that sixty-two (62) seconds of pre-incident footage were insufficient to establish constructive notice. *See* 69 V.I. at 133-34. In contrast, Defendant in this case provided a video longer than eleven (11) minutes, which included eight (8) minutes and twenty-eight (28) seconds of pre-incident footage.

Further, although Florida courts have determined that ten (10) to fifteen (15) minutes of pre-incident footage are sufficient to establish notice, none of Plaintiffs' cited cases have determined that the eight (8) minutes and twenty-eight (28) seconds of pre-incident footage Defendant provided in this case are insufficient to establish constructive notice. *See Thomas*, 203

F. Supp. 3d at 1193; *Lebron*, 818 F. App'x at 921. In other words, the courts did not establish the minimum temporal threshold to establish constructive notice when determining that ten (10) to fifteen (15) minutes of pre-incident footage were sufficient. As such, Judge Louis' Order on this matter is not contrary to law, and Defendant did not have a legal duty to preserve more footage.

### B. Reasonableness of the Steps Taken to Preserve Footage

Second, Plaintiffs argue that Judge Louis' analysis that Defendant took reasonable steps to preserve the pre-incident footage is mistaken because it improperly relies on *Reed*, 2021 WL 3557747. *See* ECF No. [83] at 4-5. Plaintiffs argue that the instant case is more analogous to *Samuel* (and the aforementioned *Chiverton*) cited in *Reed*, as opposed to *Reed* itself, because similar to the defendant in *Samuel*, Defendant in this case did not preserve sufficient pre-incident footage and therefore did not take reasonable steps to preserve the necessary footage. *See* ECF No. [83] at 5.

The Court is not persuaded by Plaintiffs' second argument. As noted above, *Thomas* and *Lebron* do not establish that eight (8) minutes and twenty-eight (28) seconds of pre-incident footage are insufficient to establish constructive notice. They merely establish that ten (10) to fifteen (15) minutes of pre-incident footage are sufficient. *See Thomas*, 203 F. Supp. 3d at 1193; *Lebron*, 818 F. App'x at 921. Further, as the court in *Reed* noted in regard to the defendant in *Samuel*, the *Samuel* defendant's "bad faith was palpable." ECF No. [83] at 5 (quoting *Reed*, 2021 WL 3557747, at *8, n.6). In *Samuel*, the defendant preserved only one (1) minute and twenty-one (21) seconds of pre-incident footage. *See Samuel v. United Corp.*, 64 V.I. 512, 519 (V.I. 2016). The same cannot be said of Defendant in this case since Defendant provided a video that included eight (8) minutes and twenty-eight (28) seconds of pre-incident footage. As such, similar to the defendant in *Reed*, who provided a six (6) minute video that the *Reed* court considered sufficient,

*see Reed,* 2021 WL 3557747, at *8, Defendant here has provided sufficient footage, did not act in bad faith, and took reasonable steps to preserve the necessary video footage.

### IV. CONCLUSION

In sum, upon a comprehensive review, the Court finds Magistrate Judge Louis' Order to be well reasoned and correct. As such, the Court agrees with the analysis in the Order and overrules the Objections. As such, the Motion for Reconsideration is denied as moot.

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. The Objections, **ECF No. [83]**, are **OVERRULED**.

2. The Motion for Reconsideration, **ECF No. [82]**, is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 10, 2022.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record