UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-22783-BLOOM/Louis

KATHRYN BIRREN and
MANDY BIRREN,

    Plaintiffs,

v.

ROYAL CARIBBEAN CRUISES, LTD.,

    Defendant.
_____/

## ORDER ON MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court upon Defendant Royal Caribbean Cruises, Ltd.'s ("Defendant") Motion for Summary Judgment, ECF No. [90] ("Motion"), along with its corresponding Statement of Material Facts, ECF No. [89] ("SMF"). Plaintiffs filed a Response in Opposition to the Motion, ECF No. [104] ("Response"), and their Opposition to the SMF, ECF No. [105]. Defendant replied to Plaintiffs' Response, ECF No. [115] ("Reply"). The Court has carefully considered the Motion, all opposing and supporting submissions, the record in the case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted in part and denied in part.

**I. BACKGROUND**

Plaintiffs initiated this maritime personal injury action against Defendant on July 7, 2020. ECF No. [1]. Plaintiffs thereafter filed their First Amended Complaint, ECF No. [8] ("Amended Complaint"). The Amended Complaint asserts the following nine counts against Defendant: Count I – Negligent Hiring and Retention; Count II – Negligent Supervision and Training; Count III – Negligent Failure to Warn of Dangerous Conditions; Count IV – Negligent Design, Installation,

and/or Approval of the Subject Area and the Vicinity; Count V – Negligence Against Defendant for the Acts of its Crewmembers Based on Vicarious Liability; Count VI – Negligent Failure to Inspect, Clean, Maintain, Repair, Remedy, and/or Take Other Reasonable Measures for the Safety of Plaintiffs; Count VII – Vicarious Liability Against Defendant for the Negligence of the Ship's Medical Staff; Count VIII – Apparent Agency as to Defendant for the Acts of the Ship's Medical Staff; and Count IX – Assumption of Duty as to Defendant for the Negligence of the Ship's Medical Staff. *See generally* ECF No. [8].

On December 22, 2021, Defendant filed the instant Motion, ECF No. [90], along with its corresponding SMF, ECF No. [89], seeking summary judgment in its favor as to all of Plaintiffs' claims. *See* ECF No. [90].

## II. MATERIAL FACTS

Based on the Parties' briefings and the evidence in the record, the following facts are not genuinely in dispute unless otherwise noted.

Plaintiffs were passengers aboard Defendant's vessel *Harmony of the Seas* on September 7, 2019. *See* ECF Nos. [89] ¶ 1; [105] ¶ 1. Plaintiffs claim to have suffered injuries when an elevator door on the vessel struck Plaintiff Kathryn Birren, who then collided with her daughter, Plaintiff Mandy Birren. *See* ECF Nos. [89] ¶ 2; [105] ¶ 2; *see also* ECF No. [73] (notice of conventional filing of CCTV footage showing, among other things, that the elevator door sensors did not re-open the elevator doors when Plaintiffs exited the elevator). Plaintiffs were on the subject elevator approximately five (5) minutes before the incident. *See* ECF Nos. [89] ¶ 3; [105] ¶ 3. Plaintiff Kathryn Birren testified that, when she was on the elevator prior to the incident, both she and her daughter noticed the elevator doors acting in a "weird" manner, ECF No. [104-1] at 63, and told other passengers about issues concerning the elevator doors, ECF No. [89-1] at 7. She

specifically testified that "what we [Kathryn and Mandy Birren] had noticed was that the elevator door was closing too quickly, but that the sensor seemed to be very sensitive. In fact, we stated it to another couple in the elevators, 'Well, the sensor is working really well; it gets out of everyone's way.'" *See* ECF Nos. [89] ¶ 6; [105] ¶ 4.

Non-party Kone is the manufacturer of the elevator in question. *See* ECF Nos. [89] ¶ 18; [105] ¶ 18. Kone installed the subject elevator. *See* ECF Nos. [89] ¶ 19; [105] ¶ 19. Kone continues to inspect the elevator on a yearly basis. *See* ECF Nos. [89] ¶ 19; [105] ¶ 19. Kone inspected the subject elevator on August 24, 2019, less than a month prior to the alleged incident. *See* ECF No. [89] ¶ 24.[1]

The Parties dispute whether there is evidence of substantially similar prior incidents. Plaintiffs argue that there are twenty-seven (27) prior incidents that are substantially similar to Plaintiffs' incident. *See* ECF No. [105] ¶ 17. Defendant argues there are no prior incidents involving the subject elevator, *see* ECF No. [89] ¶ 17, and seeks to exclude the prior incidents in its Motion *in Limine* on the grounds that they are not substantially similar, *see* ECF No. [88] at 2-4. For reasons stated in the Court's separate Order on Defendant's Motion *in Limine*, the Court considers the prior incidents to be substantially similar and admissible for the limited purpose of demonstrating that Defendant had constructive notice of the dangerous condition associated with the subject elevator. *See* ECF No. [123] As such, for the purposes of addressing Defendant's instant Motion, the Court determines that there is evidence of substantially similar prior incidents.

---

[1] Plaintiffs "dispute[]" Defendant's statement that Kone inspected the elevator less than one month prior to the incident. ECF No. [105] ¶ 24. However, Plaintiffs "dispute[]" the statement by referring to Plaintiffs' prior paragraph which states that Plaintiffs' expert determined that the elevator inspections violated industry standards. *Id.* As such, Plaintiffs do not meaningfully dispute the timing of the inspection.

3

### III. LEGAL STANDARD

A court may grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The parties may support their positions by citations to materials in the record, including, among other things, depositions, documents, affidavits, or declarations. *See* Fed. R. Civ. P. 56(c). An issue is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

A court views the facts in the light most favorable to the non-moving party, draws "all reasonable inferences in favor of the nonmovant and may not weigh evidence or make credibility determinations, which 'are jury functions, not those of a judge.'" *Lewis v. City of Union City, Ga.*, 934 F.3d 1169, 1179 (11th Cir. 2019) (quoting *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1252 (11th Cir. 2013)); *Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006); *see also Crocker v. Beatty,* 886 F.3d 1132, 1134 (11th Cir. 2018) ("[W]e accept [the non-moving party's] version of the facts as true and draw all reasonable inferences in the light most favorable to him as the non-movant."). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which a jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252. "If more than one inference could be construed from the facts by a reasonable fact finder, and that inference introduces a genuine issue of material fact, then the district court should not grant summary judgment." *Bannum, Inc. v. City of Fort Lauderdale*, 901 F.2d 989, 996 (11th Cir. 1990). The Court does not weigh conflicting evidence.

*See Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1140 (11th Cir. 2007) (quoting *Carlin Comm'n, Inc. v. S. Bell Tel. & Tel. Co.*, 802 F.2d 1352, 1356 (11th Cir. 1986)).

The moving party shoulders the initial burden to demonstrate the absence of a genuine issue of material fact. *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). If a movant satisfies this burden, "the nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Ray v. Equifax Info. Servs., LLC*, 327 F. App'x 819, 825 (11th Cir. 2009) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Instead, "the non-moving party 'must make a sufficient showing on each essential element of the case for which he has the burden of proof.'" *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). The non-moving party must produce evidence, going beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designating specific facts to suggest that a reasonable jury could find in the non-moving party's favor. *Shiver*, 549 F.3d at 1343. Yet, even where a non-moving party neglects to submit any alleged material facts in dispute, a court must still be satisfied that the evidence in the record supports the uncontroverted material facts proposed by the movant before granting summary judgment. *Reese v. Herbert*, 527 F.3d 1253, 1268-69, 1272 (11th Cir. 2008); *United States v. One Piece of Real Prop. Located at 5800 S.W. 74th Ave., Mia., Fla.*, 363 F.3d 1099, 1103 n.6 (11th Cir. 2004). Indeed, even "where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from those facts," summary judgment may be inappropriate. *Warrior Tombigbee Transp. Co., Inc. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983).

## IV. DISCUSSION

In the Motion, Defendant argues that summary judgment is warranted for five reasons: (1) Defendant had no duty to warn Plaintiffs of an open and dangerous condition; (2) Plaintiffs' claims

for negligent design, installation, and/or approval of the subject area fail as a matter of law; (3) Plaintiffs' claims for vicarious liability for the negligence of the medical staff, apparent agency for the acts of the medical staff, and assumption of duty fail as a matter of law; (4) Plaintiffs fail to establish any evidence supporting their claims for negligent hiring and retention of its crewmembers, training and supervision of its crewmembers, and vicarious liability of its crewmembers; and (5) Plaintiffs have not established that Defendant had actual or constructive notice of the alleged risk-creating condition. *See* ECF No. [90]. Plaintiffs take the contrary position on Defendant's arguments and contend that there are genuine issues of material fact that preclude summary judgment. *See generally* ECF No. [104]. Specifically, Plaintiffs argue that (1) Plaintiffs have abundant evidence of notice; (2) whether the dangerous condition is open and obvious is a fact issue that cannot be decided on summary judgment and Defendant is not entitled to summary judgment on Plaintiffs' failure to warn claims; (3) Plaintiffs have sufficient evidence of Defendant's approval of the design of the subject elevator; and (4) Plaintiffs have sufficient evidence of notice of negligent hiring, retention, training, and supervision. *See id.* The Court considers each of Defendant's arguments in turn.

   a. **Negligent Failure to Warn (Count III)**

In Count III, Plaintiffs claim that Defendant was negligent in failing to warn them of a dangerous condition. *See* ECF No. [8] at 14-16. Defendant first argues that the dangerous condition – namely, the elevator door closing unusually fast – was open and obvious. *See* ECF No. [90] at 5.[2] According to Defendant, Plaintiff Kathryn Birren's testimony states that both she and her daughter knew that the elevator door was closing unusually fast and acknowledged the dangerous

---

[2] Elsewhere, Defendant argues that it did not have actual or constructive notice of the dangerous condition, which is another element for the negligence claim in Count III. *See* ECF No. [90] at 13-16. The Court addresses Defendant's argument that it did not have actual or constructive notice in a separate subsection below.

6

condition to other passengers. *See* ECF No. [90] at 5-6 (quoting ECF No. [89-1] at 7). Therefore, Defendant claims that it did not have a duty to warn of the supposedly dangerous condition that Plaintiffs were fully aware of and had previously acknowledged. *See id*. Plaintiffs respond that the issue of whether the dangerous condition was open and obvious is an issue of fact that cannot be disposed at summary judgment. *See* ECF No. [104] at 11-12. In its Reply, Defendant fails to address Plaintiffs' contention that whether the dangerous condition was open and obvious is not proper on summary judgment. *See* ECF No. [115] at 8-9.[3]

The Court agrees with Plaintiffs. The Eleventh Circuit determined in *Johns v. Pettibone Corp.*, 769 F.2d 724, 726 (11th Cir. 1985), that "the issue of openness and obviousness of the danger is a fact issue which cannot be disposed of by summary judgment." Furthermore, the Eleventh Circuit has stated that:

> [T]he Third Restatement of Torts treats the open and obvious nature of a dangerous condition as a factor to be considered in a comparative fault analysis—not as a bar to liability for negligently maintaining premises. As the Third Restatement of Torts notes, a contrary rule that would preclude liability because a risk is open and obvious would sit[] more comfortably—if not entirely congruently—with the older rule of contributory negligence as a bar to recovery. We think the approach of the Third Restatement of Torts is consistent with maritime tort principles, and we adopt it.

*Carroll v. Carnival Corp.*, 955 F.3d 1260, 1268-69 (11th Cir. 2020) (citation and internal quotation marks omitted). Because the jury is to analyze comparative fault and because the open and obvious

---

[3] Plaintiffs also claim that Defendant's argument regarding the open and obvious doctrine is directed exclusively at Plaintiff Kathryn Birren and fails to consider Plaintiff Mandy Birren. *See* ECF No. [104] at 13. However, as noted above, Defendant quotes Plaintiff Kathryn Birren's testimony which indicates that both she and her daughter knew that the elevators were moving faster than normal and that they told other passengers about the dangerous condition. *See* ECF No. [90] at 6 (quoting ECF No. [89] ¶ 4). Therefore, Defendant's argument is not directed exclusively at Plaintiff Kathryn Birren. As a final note, Plaintiffs dispute paragraph 4 of Defendant's SMF but do not materially contest that Plaintiff Kathryn Birren did testify as such. *See* ECF No. [105] ¶ 4 (quoting ECF No. [104-1] at 82).

7

nature of the dangerous condition is one factor to be considered in the jury's analysis of comparative fault, Defendant's argument is unavailing.

Further, although Defendant cites several cases in which courts dismissed negligence claims at summary judgment because the courts found that the danger was open and obvious, those cases are inapposite. *See* ECF No. [90] at 6-9 (citing *John Morrell & Co. v. Royal Caribbean Cruises, Ltd.,* 534 F.Supp.2d 1345 (S.D. Fla. 2008); *Taiariol v. MSC Crociere, S.A.*, No. 0:15-cv-61131-KMM, 2016 WL 1428942, at *3 (S.D. Fla. Apr. 12, 2016), *aff'd*, No. 16-12357, 2017 WL 382316 (11th Cir. Jan. 27, 2017); *Lombardi v. NCL (Bahamas) Ltd.,* No. 15-20966-Civ-COOKE/TORRES, 2016 WL 1429586 (S.D. Fla. Apr. 12, 2016); *Coto v. Hyannis Air Serv., Inc.*, No. CIV. 2005-191, 2008 WL 5632264, at *6 (D.V.I. Jan. 31, 2008); *Cremeans ex rel. Cremeans v. Speedway SuperAmerica, LLC*, No. CIV.A. 04-343-KSF, 2005 WL 1883662, at *5 (E.D. Ky. 2005). The dangerous conditions in those cases were so open and obvious that the courts determined that the defendants were entitled to summary judgment in their favor without any fault being assigned to them.

In this case, however, the record evidence indicates that the full extent of the dangerous condition was not open and obvious. Plaintiff Kathryn Birren specifically testified that, although the elevator door was closing faster than usual, she noticed that the sensors on the elevator door were very sensitive so there was no risk of getting hit by the elevator door. *See* ECF No. [104] at 13 (quoting ECF No. [104-1] at 82). Unfortunately, the sensors did not operate in a sensitive manner and re-open the door when Plaintiffs allegedly sustained their injuries. *See* ECF No. [73]. The dangerous condition, therefore, was not only that the elevator door closed too fast or too soon, but also that the sensors did not always react in a sensitive manner to re-open the door. Plaintiff Kathryn Birren's testimony does not establish that she knew the full extent of the dangerous

condition – namely, that the elevator sensors were not always working properly to re-open the unusually fast elevator door. Therefore, Plaintiffs have set forth sufficient evidence to suggest that the danger was not so open and obvious or known to Plaintiffs as to preclude any finding of fault for Defendant. As such, Defendant's first argument is unpersuasive.

    **b. Negligent Design, Installation, and/or Approval of Elevator (Count IV)**

In Count IV, Plaintiffs allege that Defendant was negligent in the design, installation, and/or approval of the subject elevator. *See* ECF No. [8] at 16-19. Defendant argues that it cannot be held liable for the negligent design, installation, or approval of the elevator because Kone manufactured and installed the elevator. *See* ECF No. [90] at 8. Plaintiffs argue that Plaintiffs have provided sufficient evidence to raise a genuine issue of material fact as to whether Defendant was negligent in the design, installation, or approval of the elevator, in part, because Plaintiffs' expert Mr. Hanson states in his expert report that Defendant approved an elevator design that did not include the Kone Mobile application. *See* ECF No. [104] at 14 (citing ECF No. [104-7] at 7). The Kone Mobile application would have provided Defendant real-time maintenance notifications about the elevator and alerted Defendant of the dangerous condition. *See id*. Defendant fails to address Plaintiff's Kone Mobile application argument in its Reply. *See* ECF No. [115] at 9-10.

The Court agrees with Plaintiffs. As a preliminary matter, the Court notes that Defendant seeks to strike Mr. Hanson in its *Daubert* Motion. *See* ECF No. [94]. For reasons stated in the Court's Order on the *Daubert* Motions, the Court determined that Mr. Hanson's testimony is admissible. *See* ECF No. [119] at 20-21. As such, for the purposes of this Motion, the Court considers Mr. Hanson's expert report as a part of the record evidence. In addition, the Court determines that Defendant's decision to forego the use of the Kone Mobile application when approving the elevator could logically be considered a part of the design, installation, or approval

9

of the subject elevator. Therefore, Plaintiffs raise a genuine issue of material fact as to whether Defendant was negligent in the design, installation, or approval of the elevator.

Although Defendant cites several cases in support of its contention that Defendant cannot be liable for negligent design, installation, or approval because it did not actively participate in the design of the elevator, the cited cases are distinguishable from the instant case. *See* ECF Nos. [90] at 8-10 (citing *Rodgers v. Costa Crociere, S.P.A.*, No. 08-60233, 2009 WL 10666976, *12 (S.D. Fla. July 6, 2009); *aff'd* 410 F. App'x. 210, 212 (11th Cir. 2010); *Mendel v. Royal Caribbean Cruises, Ltd.*, No. 10-23398-CIV, 2012 WL 2367853, *3 (S.D. Fla. June, 21, 2012); *Cornish v. Renaissance Hotel Operating Co.*, No. 8:06-CV-1722-T-27EAJ, 2008 WL 1743861 (M.D. Fla. Apr. 15, 2008)); [115] at 9-10 (citing *Davis v. Spirit of New Jersey*, No. Civ.96-4992(JCL), 1999 WL 33263861 at *1 (D.N.J. May 5, 2000); *Diczok v. Celebrity Cruises, Inc.*, 263 F. Supp. 3d 1261, 1264 (S.D. Fla. 2017); *Gordon v. NCL (Bahamas) Ltd.*, No. 18-cv-22334-KMM, 2019 WL 1724140 (S.D. Fla. Apr. 15, 2019)). Unlike the cited cases, where the defendants did not participate in the design, installation, or approval of the dangerous condition, Plaintiffs in this case set forth sufficient evidence that Defendant participated in the design, installation, or approval of the elevator when it decided to forego the Kone Mobile application. Therefore, Defendant's second argument is unavailing. The Court need not address Plaintiffs' other arguments.

### c. Negligence of Defendant's Medical Staff (Counts VII, VIII, & IX)

In Counts VII, VIII, and IX, Plaintiffs assert vicarious liability for the negligence of the ship's medical staff, apparent agency for the acts of the ship's medical staff, and assumption of duty for the negligence of the ship's medical staff. *See* ECF No. [8] at 23-34. Defendant argues that Plaintiffs fail to provide any record evidence about Plaintiffs' medical treatment falling below

the standard for a shipboard medical staff. *See* ECF No. [90] at 10-11. Plaintiffs do not address Defendant's argument in their Response. *See* ECF No. [104] at 15-16.[4]

The Court agrees with Defendant. As Defendant correctly argues, the Eleventh Circuit has determined that "[f]or factual issues to be considered genuine, they must have a real basis in the record." ECF No. [90] at 11 (quoting *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009) (citation omitted)). In this case, Plaintiffs fail to offer any real basis for their claims against Defendant regarding Defendant's medical staff. Plaintiffs must produce evidence and point to specific facts to suggest that a reasonable jury could find in Plaintiffs' favor. *See Shiver*, 549 F.3d at 1343. Because Plaintiffs have failed to do so for their claims regarding Defendant's medical staff, Defendant is entitled to summary judgment as to Counts VII, VIII, and IX.

### d. Negligence of Defendant's Crewmembers (Counts I, II, & V)

In Counts I, II, and V, Plaintiffs assert against Defendant negligent hiring and retention, negligent supervision and training, and vicarious liability for the acts of Defendant's crewmembers. *See* ECF No. [8] at 6-14, 19-21. Defendant argues that to be liable for negligent hiring and retention, Plaintiffs must show that Defendant knew or reasonably should have known of its crewmembers' incompetence or unfitness, and the incompetence or unfitness must have proximately caused Plaintiffs' injuries. *See* ECF No. [90] at 11 (citing *Gayou v. Celebrity Cruises, Inc.*, No. 11-23359-CIV, 2012 WL 2049431, at *5 (S.D. Fla. June 5, 2012)). According to Defendant, Plaintiffs failed to provide any record evidence demonstrating its crewmembers' incompetence or unfitness. *See id.* at 12. Next, to prove negligent supervision and training, Plaintiffs must show that Defendant was aware or should have been aware of problems with its

---

[4] Plaintiffs argue that Plaintiffs have sufficient evidence regarding Defendant's negligent hiring, retention, training, and supervision of crewmembers, but Plaintiffs' argument is in support of Plaintiffs' claims regarding Defendant's crewmembers under Counts I, II, and V, not Plaintiffs' claims regarding Defendant's shipboard medical staff under Counts VII, VIII, and IX. *See* ECF No. [104] at 15-16.

crewmembers and failed to take further actions to remedy the problems. *See id.* (citing *Hodson v. MSC Cruises, S.A.*, No. 20-22463-CIV, 2021 WL 3639752, at *5 (S.D. Fla. Aug. 2, 2021), *report and recommendation adopted*, No. 20-22463-CIV, 2021 WL 3634809 (S.D. Fla. Aug. 16, 2021)). Defendant argues that Plaintiffs failed to provide such evidence. *See id.* Lastly, Defendant argues that for vicarious liability, there must be some underlying negligence by its crewmembers. *See id.* (citing *Ceithaml v. Celebrity Cruises, Inc.*, 207 F. Supp. 3d 1345, 1355 (S.D. Fla. 2016)). Defendant argues that Plaintiffs failed to provide evidence of underlying negligence on the part of any crewmember. *See id.* at 13.

Plaintiffs respond that Defendant's Chief Electrical Officer testified that technicians must use a particular instrument to properly test elevator door pressure. *See* ECF No. [104] at 15-16 (quoting ECF No. [104-8] at 82). Defendant's employee, Ivan Kuesta ("Mr. Kuesta"), however, was not properly trained to test the elevator door sensor using the particular instrument and used his arm instead to test the subject elevator. *See id.* (quoting ECF No. [104-8] at 81). Plaintiffs also highlight deposition testimony from Defendant's corporate representative stating that the corporate representative was aware that Mr. Kuesta did not properly test the elevator door sensor. *See id.* at 15 (quoting ECF No. [104-5] at 16). Plaintiffs' expert Mr. Hanson further stated that Defendant failed to provide formalized elevator maintenance training for Mr. Kuesta, thus falling short of industry standards. *See id.* at 16 (quoting ECF No. [104-7] at 9). Therefore, Plaintiffs argue that there is sufficient evidence to create a genuine issue as to whether Defendant was negligent in regard to its crewmembers. Defendant responds that Mr. Hanson's reliance on vague, unspecified industry standards does not provide a basis for a genuine issue of material fact and that Mr. Hanson's opinions are effectively *ipsa dixit*. *See* ECF No. [115] at 10.

The Court agrees with Plaintiffs. Mr. Hanson's expert report states that Defendant failed to comply with the maintenance instruction manual, which contradicts Defendant's claim that Mr. Hanson's expert report is merely *ipse dixit* that relies on unspecified industry standards. *See* ECF No. [101-1] ¶ 42. Further, Plaintiffs offer evidence that Mr. Kuesta failed to follow the correct procedure to test the elevator sensors, which is not based on industry standards but Defendant's own standards. *See* ECF No. [104-8] at 82. In addition, Defendant's corporate representative's testimony indicates that Defendant knew about Mr. Kuesta's failure to properly test the sensors. *See* ECF No. [104-5] at 16. Plaintiffs thus offer evidence that Defendant's employee was incompetent or unfit and otherwise caused problems, which Defendant knew or should have known about. *See Gayou*, 2012 WL 2049431, at *5 (requiring evidence of an employer's awareness of an employee's "incompetence or unfitness" for negligent hiring and retention claims); *Hodson*, 2021 WL 3639752, at *5 (requiring evidence of an employer's awareness of "problems with an employee that indicate his unfitness or incompetence" for a negligent supervision claim). Mr. Kuesta's negligence in testing the elevator sensors is also evidence of underlying negligence for a vicarious liability claim against Defendant. *See Ceithaml*, 207 F. Supp. 3d at 1355-56 (requiring evidence of an employee's underlying negligence for a vicarious liability claim). Therefore, Plaintiffs offer sufficient evidence to raise a genuine issue of material fact regarding Plaintiffs' claims for negligent hiring and retention, negligent supervision and training, and vicarious liability.

> **e. Negligent Failure to Inspect, Clean, Maintain, Repair, Remedy, and/or Take Other Reasonable Measures for the Safety of Plaintiffs (Counts VI)**

Lastly, Defendant argues that it did not have actual or constructive notice of the dangerous condition and, as a result, "summary judgment in favor of [Defendant] on all claims made in Plaintiff's [*sic*] Complaint is warranted here." ECF No. [90] at 13. Plaintiffs argue that Plaintiffs

have offered sufficient evidence for Defendant's notice of the dangerous condition, including substantially similar prior incidents, Defendant's work orders, industry standards, and the length of time in which the subject elevator was malfunctioning. *See* ECF No. [104] at 2-11.[5]

As a preliminary matter, only Count III – regarding Defendant's failure to warn of the dangerous condition, which has already been addressed above – and Count VI – regarding Defendant's negligent failure to inspect, clean, maintain, repair, remedy, and/or take other reasonable measures for the safety of Plaintiffs – require Plaintiffs to show actual or constructive notice of the dangerous condition. As such, Defendant's argument regarding the lack of notice is pertinent to only Counts III and VI, and not "all claims" as Defendant argues. ECF No. [90] at 13; *see Yusko v. LNC (Bah.), Ltd.*, F.4th 1164, 1170 (11th Cir. 2021) ("[A] passenger need not establish that a shipowner had actual or constructive notice of a risk-creating condition to hold a shipowner liable for the negligent acts of its employees.").

Next, as stated above, in the Court's prior Order on the Motions *in Limine*, the Court agreed with Plaintiffs that the prior incidents are substantially similar to the subject incident. As such, they are admissible as to the issue of whether Defendant had constructive notice of the dangerous condition. *See* ECF No. [123]. Therefore, the prior incidents present a genuine issue as to whether Defendant had constructive notice. Although Defendant cites several cases in support of its contention that Defendant cannot be liable if it did not have notice of the dangerous condition, the cases are distinguishable from the instant case. *See* ECF Nos. [90] at 13-16 (citing *Ceithaml*, 207 F. Supp. 3d at 1350-51; *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989); *Cohen v. Carnival Corp.*, 945 F. Supp. 2d 1351, 1355 (S.D. Fla. 2013); *Isbell v. Carnival Corp.*,

---

[5] Plaintiffs note that if the Court were to grant the second Motion for Sanctions, ECF No. [81], then fault codes may also establish a genuine issue of material fact as to notice. *See* ECF No. [104] at 2, n.1. The Court denied the second Motion for Sanctions. *See* ECF No. [122]. As such, Plaintiffs' argument regarding the second Motion for Sanctions is moot.

462 F. Supp. 2d 1232, 1237 (S.D. Fla. 2006); *Taiariol*, 2016 WL 1428942, at *4; *Lipkin v. Norwegian Cruise Line Ltd.*, 93 F.Supp.3d 1311, 1324 (S.D. Fla. 2015).[6]

In *Ceithaml*, the plaintiff had "no facts supporting the inference that [the defendant] knew or should have known" about the dangerous conditions. 207 F. Supp. 3d at 1351. More specifically, the plaintiff did "not allege facts—such as management problems or prior complaints—indicating that [the defendant] knew or should have known about [the dangerous] conditions." *Id.* at 1351-52. Similarly, in *Cohen*, the plaintiff "presented no evidence that [the defendant] had actual or constructive notice of the alleged risk-creating condition . . . ." 945 F. Supp. 2d at 1355. "There [was] no evidence in the record of any accident reports, passenger comment reviews or forms, or reports from safety inspections alerting [the defendant] of any potential safety concern." *Id.* In *Isbell*, the court determined that the plaintiff failed to show notice of the dangerous condition because the plaintiff offered "no evidence of a dangerous condition . . . other than the fact that [the plaintiff's] accident occurred." 462 F. Supp. 2d at 1237-38. In *Taiariol*, the "record [was] simply devoid of any reference to an accident aboard the [defendant's vessel] that would have alerted [the defendant] to a dangerous condition . . . ." 2016 WL 1428942, at *5. In *Lipkin*, the plaintiff "failed to cite any evidence in the record showing that [the defendant] had actual or constructive notice of the risk-creating condition alleged in the complaint." 93 F.Supp.3d at 1324. Unlike the cited cases, Plaintiffs in this case have set forth sufficient record evidence that Defendant may have had constructive notice of the dangerous condition from the substantially similar prior incidents. As such, *Ceithaml*, *Cohen*, *Isbell*, *Taiariol*, and *Lipkin* are inapposite.

---

[6] Defendant also cites *Young v. Carnival Corp.*, No. 09-21949-CIV, 2011 WL 465366, *4 (S.D. Fla. Feb. 4, 2011), but not for the proposition that Defendant must have had actual or constructive notice of the dangerous condition. *See* ECF No. [90] at 15. *Young* is cited for the proposition that it is a fallacy to assume that for every personal injury, some entity must be held liable for the damages. *See id.* While true, the Court does not commit this fallacy.

Lastly, in *Keefe*, the Eleventh Circuit held that the district court erred by failing to make a finding in regard to notice before entering judgment in favor of the plaintiff after a bench trial. *See* 867 F.2d at 1322-23. Unlike *Keefe*, the Court is not entering judgment after a bench trial nor is it tasked with making findings of fact regarding notice. Rather, the Court must determine whether genuine issues of material fact exist that would preclude summary judgment. Given that the record contains sufficient evidence to establish a genuine issue of material fact regarding notice, summary judgment is not warranted.

## V.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion for Summary Judgment, **ECF No. [90]**, is **GRANTED IN PART AND DENIED IN PART**.
2. Counts VII, VIII, and IX of Plaintiffs' Amended Complaint are **DISMISSED**.
3. All other claims against Defendant shall proceed to trial.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 3, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record