UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case Number: 1:20-cv-22783-BB

KATHRYN BIRREN,
AND MANDY BIRREN,

    *Plaintiff*,

ROYAL CARIBBEAN CRUISES, LTD.,

    *Defendant*,
_____/

**PLAINTIFF'S MOTION TO ALLOW VOIR DIRE QUESTIONNAIRE**

Plaintiffs, KATHRYN BIRREN AND MANDY BIRREN, (hereinafter "Plaintiffs") by and through undersigned counsel, hereby files their Motion to Allow them to Submit a Voir Dire Questionnaire, and as grounds therefore, states as follows:

### I. INTRODUCTION

This is a maritime case in which Kathryn Birren and Mandy Birren were injured on or about September 7, 2019 while Plaintiffs were lawfully paying passengers on Defendant's cruise ship vessel, the Harmony of the Seas. When Plaintiffs were walking out of the elevator on deck 6, the elevator doors abruptly closed unusually soon, at an unusually fast speed, and with unusually great force, striking Kathryn Birren's arm. As a result, Kathryn Birren collided with her daughter, Mandy Birren. As a result, Plaintiffs suffered severe injuries that include, but are not limited to, bulging and herniated disks, nerve damage, amplified musculoskeletal pain syndrome, and other injuries to their arm(s), neck(s), and/or back(s), which require surgery.

### II. MEMORANDUM OF LAW

In *Pelham v. Walker*, 135 So.3d 1114, 1116 (Fla. 2nd DCA 2013), the court observed:

> In *Pacot v. Wheeler*, 758 So.2d 1141, 1142 (Fla. 4th DCA 2000), jurors stated during voir dire that they would have difficulty following the law regarding damage awards for pain and suffering. The Fourth District held that the trial court abused its discretion in denying cause challenges to the jurors who were not rehabilitated. The potential juror in this case, Juror G, agreed that she was defense-oriented and expressed concern with awarding non-economic damages, thereby indicating that the defense would be starting the case with an advantage over the plaintiff.

The appellate court determined that refusing to strike Juror G for cause was an abuse of discretion. [many citations omitted] Id. at 1117.

In *Fietzer v. Ford Motor Co.*, 622 F.2d 281, 285 (7th Cir. 1980) the court held that "the trial court must 'exercise its discretion so as not to block the reasonable exploration of germane factors that might expose a basis for [juror] challenge, whether for cause or preemptory." In *Fietzer*, the court reversed the jury verdict because the trial court refused to ask whether jurors had been in comparable incidents or sustained comparable injuries. *Accord, Kiernan v. Van Shaik*, 347 F.2d 775 (3rd Cir. 1965).

Courts in this circuit have held that jurors should be questioned about biases, if any, regarding lawsuits. *See, e.g. Anderson v. Dixon*, 334 F. Supp. 2d 928, 930 (S.D. Miss. 2004) ("Although attention on 'tort reform' has greatly diminished, the Plaintiff is entitled to question the jury about their bias, if any, in these areas.").

Here, Plaintiff respectfully submits that the proposed Voir Dire Questionnaire, which is attached to this motion as Plaintiff's Exhibit 1, will aid in determining whether jurors have biases regarding the instant lawsuit.

**WHEREFORE**, Plaintiffs, KATHRYN BIRREN and MANDY BIRREN, respectfully request this Honorable Court to enter an Order allowing Plaintiff to use the attached proposed Voir

Dire Questionnaire.

### S.D. FLA. L.R. 7.1 CERTIFICATION

I hereby certify that undersigned counsel has conferred with Counsel for Defendant in a good faith effort to resolve this matter. Counsel for Defendant is opposed to the instant request for relief.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 7, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I ALSO CERTIFY that the foregoing document is being served this day on all counsel of record or pro se parties, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

    Respectfully submitted,

    ARONFELD TRIAL LAWYERS
    Attorneys for Plaintiff,
    1 Alhambra Plaza | Penthouse
    Coral Gables, Florida 33134
    Tel:  (305) 441 - 0440
    Fax:  (305) 441 – 0198

By: */s/ Spencer M Aronfeld, Esq.*
    Spencer Marc Aronfeld, Esq.
    Florida Bar Number: 905161
    aronfeld@aronfeld.com
    Abby H. Ivey, Esq.

Florida Bar Number: 1002774
aivey@aronfeld.com
Matthias M. Hayashi, Esq.
Florida Bar Number: 115973
mhayashi@aronfeld.com