UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-22783-BLOOM/Louis

KATHRYN BIRREN
and MANDY BIRREN,

      Plaintiffs,

vs.

ROYAL CARIBBEAN CRUISES, LTD.,

      Defendant.

_____/

## <u>JOINT PROPOSED JURY INSTRUCTIONS</u>

      Plaintiffs, KATHRYN BIRREN and MANDY BIRREN ("Birrens"), and Defendant, ROYAL CARIBBEAN CRUISES, LTD. ("RCCL"), by and through their respective undersigned counsels, hereby jointly file the attached Proposed Jury Instructions and Proposed Verdict Form.[1]

      Respectfully submitted this 14th day of March, 2022,

| | |
|---|---|
| ARONFELD TRIAL LAWYERS | McALPIN CONROY, P.A. |
| 1 Alhambra Plaza, Penthouse | 80 Southwest 8th Street, Suite 2805 |
| Coral Gables, Florida 33134 | Miami, Florida 33130 |
| Tel: 305-441-0440 | Telephone: 305-810-5400 |
| Fax: 305-441-0198 | Facsimile: 305-810-5401 |
| *Attorneys for Plaintiffs* | *Attorneys for Defendant* |
| | |
| By: /s/ *Matthias M. Hayashi* | |
| Matthias M. Hayashi, Esq. | By: /s/ *Daniel Marcotte*_____ |
| Florida Bar No.: 115973 | Daniel Marcotte, Esq. |
| mhayashi@aronfeld.com | Florida Bar Number 52314 |
| Spencer Marc Aronfeld, Esq. | dmarcotte@mcalpinconroy.com |
| Florida Bar No.: 905161 | amecias@mcalpinconroy.com |
| aronfeld@aronfeld.com | gmartinez@mcalpinconroy.com |
| Abby Hernandez Ivey, Esq. | |
| Florida Bar No.: 1002774 | |
| aivey@aronfeld.com | |

---

[1] Pursuant to the Court's Procedures, the Birrens' proposed instructions not agreed to are italicized and Defendant's proposed instruction not agreed to are in bold.

**PROPOSED INSTRUCTION NO. 1**

**PRELIMINARY INSTRUCTIONS BEFORE TRIAL**

<u>Members of the Jury</u>:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

<u>The jury's duty</u>:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

<u>What is evidence</u>:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

<u>What is not evidence</u>:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

<u>Credibility of witnesses</u>:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;
- the witness's memory;
- the witness's manner while testifying;
- any interest the witness has in the outcome of the case;
- any bias or prejudice the witness may have;
- any other evidence that contradicts the witness's testimony;
- the reasonableness of the witness's testimony in light of all the evidence; and
- any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

<u>The Birrens' description of the case</u>:

<u>This is a maritime personal injury case that involves a malfunctioning elevator. On September 7, 2019, the Birrens paying passengers on Defendant's cruise ship, the Harmony of the Seas. The Birrens were attempting to walk out of an elevator when the elevator doors' sensors failed, and the doors abruptly closed with unusually great force on Kathryn Birren, causing her to twist, contort, and suffer severe injuries, which resulted in surgery. As a result, Kathryn Birren collided with her daughter, Mandy Birren, causing her to suffer severe injuries as well.</u>

**RCCL's Description of the case**.

3

*This is a maritime personal injury action in which the Plaintiffs, Kathryn Birren and Mandy Birren, claim to have sustained injury while passengers aboard RCCL's vessel, the Harmony of the Seas. Plaintiffs alleged that the elevator door malfunctioned which allowed the elevator door to make contact with Kathryn Birren, causing her to bump into her daughter Plaintiff Mandy Birren. RCCL denies that the elevator door malfunctioned and denies that it had any notice that the elevator door represented an unreasonably dangerous condition on the date of the subject incident. RCCL further contends that the functioning of the elevator doors was an open and obvious condition of which both Plaintiffs had actual knowledge. Plaintiffs had a duty to act reasonably under the circumstances and failed to do so which proximately caused their damages, if any. Finally, Plaintiffs' alleged injuries were not the caused or contributed to by the subject incident.*

Burden of proof:

The Birrens have the burden of proving their case by what the law calls "*the greater weight of the evidence*/**preponderance of the evidence**." That means The Birrens must prove that, in light of all the evidence, what they claim is more likely true than not. So, if you could put the evidence favoring the Birrens and the evidence favoring RCCL on opposite sides of balancing scales, the Birrens needs to make the scales tip to his side. If the Birrens fail to meet this burden, you must find in favor of RCCL.

To decide whether any fact has been proved by *the greater weight of the evidence*/**preponderance of the evidence**, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by *the greater weight of the evidence*/**preponderance of the evidence**.

On certain issues, called "affirmative defenses," RCCL has the burden of proving the elements of a defense by *the greater weight of the evidence*/**preponderance of the evidence**. I'll instruct you on the facts RCCL must prove for any affirmative defense. After considering all the evidence, if you decide that RCCL has successfully proven that the required facts are more likely true than not, the affirmative defense is proved.

Conduct of the jury:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, and the Internet, including social-networking websites such as Facebook, TikTok, and Twitter. You may not use any similar technology of social media, even if I have not specifically mentioned it here.

You also should not Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

Taking notes:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to *greater weight*/**preponderance of the evidence** than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, the Birrens will present his witnesses and ask them questions. After the Birrens questions the witness, RCCL may ask the witness questions – this is called "cross-examining" the witness. Then RCCL will present its witnesses, and the Birrens may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.

Authority: *Eleventh Circuit Civil Pattern Jury Instruction 1.1.*

GRANTED   _____        MODIFIED        _____

DENIED   _____        WITHDRAWN        _____

**PROPOSED INSTRUCTION NO. 2**

## JURY QUESTIONS

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

- First, you must submit all questions in writing. Please don't ask any questions aloud.
- Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.
- Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

Authority: *Eleventh Circuit Civil Pattern Jury Instruction 1.4.*

GRANTED     _____          MODIFIED     _____

DENIED      _____          WITHDRAWN    _____

**PROPOSED INSTRUCTION NO. 3**

## STIPULATIONS

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

The following are a list of stipulations that the parties have agreed to:

   a. For purposes of this litigation only, at the time of the incident, the *Harmony of the Seas* was owned and operated by Defendant.
   b. At the time of the incident, the Birrens were passengers aboard the *Harmony of the Seas*.
   c. The incident in this case happened on September 7, 2019.

Authority: *Eleventh Circuit Pattern Jury Instruction - Trial Instructions 2.1*

GRANTED   _____          MODIFIED          _____

DENIED          _____          WITHDRAWN          _____

**PROPOSED INSTRUCTION NO. 4**

**USE OF DEPOSITIONS**

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of [name of witness], taken on [date], [is about to be/has been] presented to you [by a video/by reading the transcript]. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

Authority: *Eleventh Circuit Pattern Jury Instruction - Trial Instructions 2.2*

GRANTED          _____          MODIFIED          _____

DENIED          _____          WITHDRAWN          _____

**PROPOSED INSTRUCTION NO. 5**

## USE OF INTERROGATORIES

[You'll now hear/You've heard] answers that [name of party] gave in response to written questions the other side submitted. The questions are called "interrogatories." Before the trial, [name of party] gave the answers in writing while under oath.

You must consider [name of party]'s answers to as though [name of party] gave the answers on the witness stand.

Authority: *Eleventh Circuit Pattern Jury Instruction - Trial Instructions 2.6*

GRANTED _____        MODIFIED _____

DENIED _____        WITHDRAWN _____

**PROPOSED INSTRUCTION NO. 6**

## INTRODUCTION BEFORE DELIBERATION

COURT'S INSTRUCTIONS TO THE JURY

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished, you will go to the jury room and begin your discussions, sometimes called deliberations.

Authority: *Eleventh Circuit Pattern Jury Instruction - Trial Instructions 3.1*

GRANTED        _____        MODIFIED        _____

DENIED        _____        WITHDRAWN        _____

**PROPOSED INSTRUCTION NO 7.** *The Duty to Follow Instructions – Corporate Party Involved*

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

**Authority**: Eleventh Circuit Standard Jury Instruction– 3.2.2.

GRANTED _____

DENIED _____

MODIFIED_____

12

**PROPOSED INSTRUCTION NO. 8**

**CONSIDERATION OF DIRECT AND CIRCUMSTANTIAL EVIDENCE.
ARGUMENT OF COUNSEL; AND COMMENTS BY THE COURT**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

Authority: *Eleventh Circuit Pattern Jury Instruction - Trial Instructions 3.3*

GRANTED    _____        MODIFIED        _____

DENIED    _____        WITHDRAWN        _____

**PROPOSED INSTRUCTION NO. 9**

## CREDIBILITY OF WITNESSES

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?
- Did the witness have any particular reason not to tell the truth?
- Did the witness have a personal interest in the outcome of the case?
- Did the witness seem to have a good memory?
- Did the witness have the opportunity and ability to accurately observe the things he or he testified about?
- Did the witness appear to understand the questions clearly and answer them directly?
- Did the witness's testimony differ from other testimony or other evidence?

Authority: *Eleventh Circuit Pattern Jury Instruction - Trial Instructions 3.4*

GRANTED   _____        MODIFIED        _____

DENIED   _____        WITHDRAWN        _____

**PROPOSED INSTRUCTION NO. 10**

**IMPEACHMENT OF WITNESSES BECAUSE OF INCONSISTENT STATEMENTS**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

Authority: *Eleventh Circuit Pattern Jury Instruction - Trial Instructions 3.5.1*

GRANTED   _____    MODIFIED    _____

DENIED   _____    WITHDRAWN    _____

**PROPOSED INSTRUCTION NO. 11**

**EXPERT WITNESS**

During this trial, you have heard testimony from certain treating and expert witnesses for the parties:

- Jeffrey Hanson, who's expertise includes elevator safety
- Alex Alonso, MD, who's expertise includes radiology
- Nicholas Suite, MD, who's expertise includes neurology
- Kamal Patel, MD, who's expertise includes pain management
- Elizabeth Trinidad, MD, who's expertise includes neurosurgery
- Ying Lu, Ph.D, who's expertise includes biomechanics
- J.S. Held, who's expertise includes biomechanics/accident reconstruction
- Jonathan Gottlieb, MD, who's expertise includes orthopedics
- Joseph Fernandez, MD, who's expertise includes orthopedics
- Richard Rauck, MD, who's expertise includes pain management
- Tray Edmonds, who's expertise includes elevator safety

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

**Expert Witness – When Expert Fees Represent a Significant Portion of the Witness's Income**

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter. But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion. When a witness is being paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such witness where court testimony is given with regularity and represents a significant portion of the witness's income

Authority: *Eleventh Circuit Civil Pattern Jury Instruction 3.6.1.and 3.6.2*

GRANTED        _____        MODIFIED        _____

DENIED        _____        WITHDRAWN        _____

PROPOSED INSTRUCTION NO. 12

## NEGLIGENCE GENERAL INSTRUCTION

In this case, the Birrens claim that RCCL was negligent and that such negligence was a legal cause of damage sustained by them.

Specifically, the Birrens claim that RCCL, was negligent in failing to use reasonable care under the circumstances.

On the other hand, RCCL contends that it did exercise reasonable care and that the Birrens failed to use reasonable care for their own safety.

To succeed on a claim for negligence, the Birrens must prove each of the following facts by the greater weight of the evidence/**preponderance of the evidence**:

First: that RCCL was "negligent" and

Second: that such negligence was a "legal cause" of the injury or damage sustained by the Birrens.

In the verdict form that I'll explain in a moment, you'll be asked to answer questions about these factual issues.

"Negligence" means the failure to use reasonable care. Reasonable care is the degree of care that a reasonably careful person would use under similar circumstances. Negligence can mean doing something that a reasonably careful person wouldn't do under like circumstances, or failing to do something that a reasonably careful person would do under like circumstances.

Negligence is a "legal cause" of damage if it directly and in natural and continuous sequence produces, or contributes substantially to producing such damage, so it can reasonably be said that, but for the negligence, the loss, injury or damage would not have occurred.

Negligence may be a legal cause of damage even though it operates in combination with the act of another, some natural cause, or some other cause if such other cause occurs at the same time as the negligence and if the negligence contributes substantially to producing such damage.

If the greater weight of the evidence/**preponderance of the evidence** doesn't support the Birrens' claim for negligence, then your verdict should be for RCCL. But if the greater weight of the evidence/**preponderance of the evidence** supports the Birrens' claims, you must next consider the defenses raised by RCCL.

***No Duty to Warn of Open and Obvious Dangers***
*A ship operator does not have a duty to warn passengers of dangers which are open and obvious to passengers. An open and obvious danger is one that is apparent to or one that can be perceived by an objective, reasonable person through the ordinary use of his or her senses.*

*Whether a danger is open and obvious is decided based on an objective standard, that is what "a reasonably prudent person through the exercise of common sense and the original use of his [or her] senses" would observe. A condition can be open and obvious regardless of whether the Plaintiff, herself, perceived the condition so long as the condition would be apparent to a reasonable person under the same circumstances. The vessel operator is entitled to expect a ship passenger to take necessary precautions for her own safety, including perceiving obvious conditions through the ordinary use of her senses.*

**Authority**: *Keefe v. Bahama Cruise Lines, Inc.* , 867 F. 2d 1318, 1320 (11th Cir. 1989); *Luby v. Carnival Cruise Lines, Inc.* , 633 F. Supp. 40, 42 (S. D. Fla. 1986), aff'd 808 F. 2d 60 (11th Cir. 1986); *Aponte v. Royal Caribbean Cruise Lines Ltd.,* 739 Fed. Appx. 531 (11th Cir. 2018); *Picar v. Blue Horizon*, 1993 AMC 1642 (N. D. Cal. 1991).

GRANTED _____

DENIED _____

MODIFIED_____

**Legal Cause**

a.      *Legal cause generally:*

Negligence is a legal cause of loss, injury, or damage, if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss, injury, or damage, so that it can reasonably be said that, but for the negligence, the loss, injury, or damage would not have occurred.

b.      *Concurring cause:*

In order to be regarded as a legal cause of loss, injury, or damage, negligence need not be the only cause. Negligence may be a legal cause of loss, injury, or damage even though it operates in combination with the act of another, some natural cause, or some other cause if the negligence contributes substantially to producing such loss, injury, or damage.

c.      *Intervening cause:*

18

Negligence may also be a legal cause of loss, injury, or damage even though it operates in combination with the act of another, some natural cause, or some other cause occurring after the negligence occurs if such other cause was itself reasonably foreseeable and the negligence contributes substantially to producing such loss, injury, or damage or the resulting loss, injury, or damage was a reasonably foreseeable consequence of the negligence and the negligence contributes substantially to producing it.

**Authority**: Florida Standard Jury Instruction (2021) – 401.12.

GRANTED _____

DENIED _____

MODIFIED_____

RCCL claims that the Birrens were also negligent, and that the Birrens' negligence was a legal cause of their own injuries or damages. This is a defensive claim, which requires RCCL to prove these two facts by the greater weight of the evidence/**preponderance of the evidence**:

First, you must find that the Birrens were also negligent.

And second, you must find that the negligence was a legal cause of the Birrens' own injuries or damages.

In the verdict form that I'll explain in a moment, you'll be asked to answer questions about these factual issues.

The law requires you to compare any negligence you find on the part of both parties because, in this case, RCCL claims that the Birrens' negligence contributed to the Birrens' injuries. If you find in RCCL's favor on this defense, by finding that the Birrens were also negligent, that will not prevent the Birrens from recovering. But it will reduce the Birrens' recovery amount by the degree of their negligence. This is a legal concept called "comparative negligence."

For example, if you find that the Birrens were 50% responsible for their own injury, then you must reduce their recovery amount by that percentage. By using the number 50% as an example, I do not mean to suggest that the Birrens were negligent, or if they were negligent, to what degree. That is a decision entrusted to you and it's up to you to determine the percentage, if any, of the Birrens' negligence. *If you find that the Plaintiffs were negligent, you might find them 1% or 99% responsible.*

However, it is important that you understand that the Birrens are responsible only for any comparative fault RCCL proves as to them. If you find fault based on the actions of any other person or entity other than RCCL, this cannot be the basis for finding the Birrens comparatively at fault.

If the evidence proves negligence on the part of RCCL was a legal cause of the Birrens' injury or damage, you must then consider the issue of the Birrens' damages.

You should assess the monetary amount that the greater weight of the evidence/**preponderance of the evidence** justifies as full and reasonable compensation for all of the Birrens' damages – no more, no less. You must not impose or increase these compensatory damages to punish or penalize RCCL. And you must not base these compensatory damages on speculation or guesswork because the Birrens can recover only their actual damages.

But the law does not restrict compensatory damages only to actual loss of time or money. Compensatory damages cover both the mental and physical aspects of injury – tangible and intangible. It is not value you're trying to determine, but an amount that fairly compensates The Birrens for emotional pain and mental anguish. No evidence of these things has been, or need be, introduced. And there's no exact standard to apply, but any such award should be fair and just in light of the evidence.

If you find that damages have been proved by the greater weight of the evidence/**preponderance of the evidence**, you should consider the following elements of damage:

- medical and hospital expenses incurred in the past [and likely to be incurred in the future]; and
- physical and emotional pain and anguish; and
- Permanent injury, disability, disfigurement, impairment, inconvenience, and loss of capacity for the enjoyment of life experienced in the past and in the future; and
- Lost wages in the past and in the future.

Authority: *U.S. Eleventh Circuit Pattern Jury Instructions –Instruction 8.1 (modified to adapt to passenger claim).*

GRANTED   _____      MODIFIED      _____

DENIED      _____      WITHDRAWN   _____


**A cruise line is not an insurer of its passenger's safety. That is, a cruise line does not become liable to a passenger merely because an incident occurs. To determine whether the cruise line was negligent, the benchmark against which its behavior must be measured is the duty to use reasonable care under the circumstances. Likewise, the law requires the cruise ship passenger like Kathryn and Mandy Birren to also exercise reasonable care for his own safety**.

GRANTED  _____        MODIFIED    _____
DENIED    _____        WITHDRAWN  _____

**PROPOSED JURY INSTRUCTION NO. 13**

**DUTY-STANDARD OF CARE**

A shipowner has a duty to exercise reasonable care under the circumstances. Where the allegation is that a shipowner failed to take measures to make the property safe, this is a standard which requires, as a prerequisite to imposing liability for this failure, that it had actual or constructive notice of the risk creating condition.

Authority: *Kermarec v. Compagnie Generale Transatlantique, 358 U.S. 625, 632 (1959); Wilkinson v. Carnival Cruise Lines, Inc., 920 F.2d 1560, 1564 & n. 10 (11th Cir.1991); Everett v. Carnival Cruise Lines, Inc., 912 F.2d 1355, 1358 (11th Cir.1990); Keefe v. Bahama's Cruise Lines, Inc., 867 F.2d 1318, 1320 (11th Cir.1989); Odom v. Kroger Texas, L.P., No. 3:13-CV-0579-D, 2014 WL 585329, at \*3 (N.D. Tex. Feb. 14, 2014); see Owens v. Publix Supermarkets, Inc., 802 So. 2d 315, 320 n. 4 (Fla. 2001) (quoting Mabrey v. Carnival Cruise Lines, Inc., 438 So.2d 937, 938 (Fla. 3d DCA 1983)); see also Berbridge v. Sam's E., Inc., No. 16-CV-62681, 2017 WL 3593968, at \*3 (S.D. Fla. Aug. 21, 2017).*

GRANTED   _____          MODIFIED   _____

DENIED   _____          WITHDRAWN   _____

**PROPOSED JURY INSTRUCTION NO. 14**

**NEGLIGENCE – NOTICE UNDER GENERAL MARITIME LAW**

To recover for injuries sustained from his incident, the Birrens must prove either that RCCL 1) had actual notice, meaning it knew of the risk creating condition of which the Birrens complain; or 2) that RCCL had constructive notice of the risk creating condition, meaning it should have known of the risk creating condition of which the Birrens complain.

Actual notice is notice given directly to, or received personally by, a party.

Constructive notice may be shown if (a) the dangerous condition existed for such a length of time that, in the exercise of reasonable care, Defendant should have known of the dangerous condition, (**b) if the condition occurred with regularity and was therefore foreseeable, (c) if there were prior substantially similar complaints or incidents**, or (d) if there is evidence that allows the inference that the cruise ship operator had knowledge that the condition could be dangerous.

Authority: *Carroll v. Carnival Corp.,* 955 F.3d 1260 (11th Cir. 2020); *Frasca v. NCL (Bahamas), Ltd.*, 654 F. App'x 949, 954 (11th Cir. 2016); *Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275 (11th Cir. 2015); *Everett v. Carnival Cruise Lines*, 912 F.2d 1355, 1359 (11th Cir. 1990); *Keefe v. Bahama Cruise Line,* 867 F.2d 1318, 1322 (11th Cir. 1989); *Marine Turbo Eng'g, Ltd. v. Turbocharger Servs. Worldwide, LLC*, No. 11-60621-CIV, 2011 WL 13217397, at *2 (S.D. Fla. July 18, 2011) (quoting Black's Law Dictionary 1164 (9th ed. 2009)).

GRANTED   _____       MODIFIED       _____

DENIED   _____       WITHDRAWN       _____

**PROPOSED INSTRUCTION NO. 15**

**NO NOTICE REQUIRED FOR VICARIOUS LIABILITY**

**However, the Birrens do not need to prove notice for any affirmative acts of negligence by one of the Defendant' employees or agents. This means that Defendant is responsible for any negligence of the individuals involved in the maintenance, inspection, or safety of the subject elevator in which the Birrens' incident occurred.**

Authority: *Florida Pattern Jury Instruction, Civil, 401.13 (modified due to previous general negligence instruction already having been given); Yusko v. NCL (Bahamas), Ltd., 4 F.4th 1164 (11th Cir. 2021) ("In short, we hold that a passenger need not establish that a shipowner had actual or constructive notice of a risk-creating condition to hold a shipowner liable for the negligent acts of its employees.")*.

*GRANTED* _____        *MODIFIED* _____

*DENIED* _____        *WITHDRAWN* _____

**PROPOSED JURY INSTRUCTION NO. 16**

**NEGLIGENCE UNDER GENERAL MARITIME LAW – DUTY TO WARN**

  RCCL had a duty to warn of dangers of which it knew, or reasonably should have known. However, RCCL had no duty to warn the Birrens of any dangers that were, or should have been, apparent and obvious to them by the ordinary use of their senses.

Authority: *Joseph v. Carnival Corp.*, No. 11-20221-CIV, 2011 WL 3022555, at *2 (S.D. Fla. July 22, 2011) (citing *Carlisle v. Ulysses Line Ltd., S.A.*, 475 So.2d 248, 251 (Fla. 3d DCA 1985)); *as for the open and obvious instruction, see Smith v. Royal Caribbean Cruises, Ltd.*, 620 F. App'x 727 (11th Cir. 2015); *Frasca v. NCL (Bahamas), Ltd.*, 654 F. App'x 949, 952 (11th Cir. 2016); *Corby v. Kloster Cruise Limited*, 1990 U.S. Dist. Lexis 13675 (October 5, 1990); *Luby v. Carnival Cruise Lines*, 633 F. Supp. 40 (S.D. Fla. 1986); *Harnesk v. Carnival Cruise Lines, Inc.*, 1992 AMC 1472, 1477 (S.D. Fla. 1991).

GRANTED  _____    MODIFIED  _____

DENIED  _____    WITHDRAWN  _____

**PROPOSED INSTRUCTION NO. 17**

### PLAINTIFFS' CLAIM— *THE GREATER WEIGHT OF THE EVIDENCE*

In this case it is the responsibility of the Birrens to prove every essential part of their claim by "the greater weight of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

"The greater weight of the evidence" simply means an amount of evidence that is enough to persuade you that the Birrens' claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by the greater weight of the evidence, you should find against the Birrens.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by the greater weight of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Birrens' claims by the greater weight of the evidence, you should find for RCCL as to that claim.

Authority: *Eleventh Circuit Pattern Jury Instruction - Trial Instructions 3.7.1*

GRANTED _____        MODIFIED _____

DENIED _____        WITHDRAWN _____

26

**PROPOSED INSTRUCTION NO. 18**

**MORTALITY TABLES**

**In determining how long the Birrens will live, you may consider their life expectancy. The mortality tables received in evidence may be considered in determining how long they are expected to live. Mortality tables are not binding on you but may be considered together with other evidence in the case bearing on their health, age and physical condition, in determining the probable length of their life.**

Authority: *Florida Pattern Jury Instruction, Civil, 502.6a (modified for non-survival/wrongful death case).*

GRANTED   _____          MODIFIED          _____

DENIED   _____          WITHDRAWN          _____

**PROPOSED INSTRUCTION NO. 19**

**REDUCTION OF DAMAGES TO PRESENT VALUE**

Any amount of damages which you allow for future medical expenses should be reduced to its present money value and only the present money value of these future economic damages should be included in your verdict.

The present money value of future economic damages is the sum of money needed now which, together with what that sum will earn in the future, will compensate the Birrens for these losses as they are actually experienced in future years.

Authority: *Florida Standard Jury Instructions, Reduction of Damages to Present Value, 501.7*

GRANTED    _____          MODIFIED          _____

DENIED     _____          WITHDRAWN         _____

**PROPOSED INSTRUCTION NO. 20**

***VIOLATION OF COMPANY POLICY IS EVIDENCE OF NEGLIGENCE***

  **The Birrens have alleged that RCCL has violated its own internal policies and procedures. The violation of a party's internal policies and procedures can be evidence of its negligence. However, compliance or noncompliance with internal policies and procedures is not conclusive evidence of negligence.**

Authority: *Beam v. Carnival Corp.*, Case No. 1:15-cv-22103-DPG, (E.C.F. 182 at p. 11) (S.D. Fla., Jan. 12, 2017); *Pustka v. Printpack Inc.*, 168 F. App'x 583, 584 (5th Cir. 2006); *50 State Security Service, Inc. v. Giangrandi*, 132 So.3d 1128 (Fla. 3d DCA 2013); *Marks v. Mandel*, 477 So.2d 1036, 1038-39 (Fla. 3d DCA 1985).

GRANTED  _____  MODIFIED  _____

DENIED   _____  WITHDRAWN _____

**PROPOSED INSTRUCTION NO. 21**

***NEGLIGENCE PER SE***

**International codes, industry standards, best practices, and other guidelines and recommendations require cruise lines to make their elevators safe for the use of their passengers.**

**Violation of these codes is negligence. If you find that RCCL violated these codes, then RCCL was negligent. You should then decide whether such negligence was a legal cause of the Birrens' damages.**

Authority: Florida Standard Jury Instruction, 401.8 (modified to fit this case).

GRANTED        _____        MODIFIED        _____

DENIED        _____        WITHDRAWN        _____

**PROPOSED INSTRUCTION NO. 22**

**VIOLATION OF STATUTE, ORDINANCE, REGULATION, CODE, OR GUIDELINE**
**AS EVIDENCE OF NEGLIGENCE**
**(In the Alternative to Proposed Jury Instruction No. 21)**

      **International codes, industry standards, best practices, and other guidelines and recommendations require cruise lines to make their elevators safe for the use of their passengers.**

      **Violation of these codes is evidence of negligence. It is not, however, conclusive evidence of negligence. If you find that RCCL violated these codes, you may consider that fact, together with the other facts and circumstances, in deciding whether RCCL was negligent.**

Authority: *Florida Standard Jury Instruction, 401.9 (modified to fit this case).*

      GRANTED   _____     MODIFIED      _____

      DENIED   _____     WITHDRAWN   _____

**PROPOSED INSTRUCTION NO. 23**

**OTHER CONTRIBUTING CAUSES OF DAMAGES**

**If you find that RCCL caused a bodily injury, and that the injury resulted in an aggravation of an existing disease or physical defect, you should attempt to decide what portion of the Birrens' condition resulted from the aggravation. If you can make that determination, then you should award only those damages resulting from the aggravation. However, if you cannot make that determination, or if it cannot be said that the condition would have existed apart from the injury, then you should award damages for the entire condition suffered by the Birrens.**

Authority: *Florida Pattern Jury Instruction, Civil, 501.5(a).*

GRANTED     _____     MODIFIED     _____

DENIED     _____     WITHDRAWN     _____

**PROPOSED INSTRUCTION NO. 24**

### *APPROVAL OF A NEGLIGENT DESIGN*

**"'[L]iability based on negligent design requires [the Birrens] to produce evidence that [RCCL] 'actually created, participated in OR APPROVED' the alleged improper design."**

Authority: *Hoover v. NCL (Bahamas) Ltd.*, 491 F. Supp. 3d 1254, 1257 (S.D. Fla. 2020); *Groves v. Royal Caribbean Cruises, Ltd.*, 463 Fed. App'x 837, 837 (11th Cir. 2012).

*GRANTED* _____          *MODIFIED* _____

*DENIED* _____          *WITHDRAWN* _____

**PROPOSED INSTRUCTION NO. 25**

***REASONABLE AND NECESSARY MEDICAL EXPENSES***

"[T]he ultimate determination -- the reasonable value of medical services received by [the Birrens] in [this] case – [is for you to decide], upon [your] consideration of all relevant evidence, notably including the amount billed, the amount paid, and any expert testimony and other relevant evidence the parties may offer."

Authority: *Higgs v. Costa Crociere S.P.A. Co.*, 969 F.3d 1295, 1313-14 (11th Cir. 2020).

*GRANTED* _____     *MODIFIED* _____

*DENIED* _____     *WITHDRAWN* _____

**PROPOSED INSTRUCTION NO. 26**

**DUTY TO DELIBERATE ONLY WHEN THE PLAINTIFFS CLAIMS DAMAGES**

Of course, the fact that I have given you instructions concerning the issue of the Birrens' damages should not be interpreted in any way as an indication that I believe that the Birrens should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

Authority: *Eleventh Circuit Pattern Jury Instructions, Civil Cases, § 3.8.1.*

GRANTED        _____        MODIFIED        _____

DENIED        _____        WITHDRAWN        _____

**PROPOSED JURY INSTRUCTION NO. 27**

**ELECTION OF FOREPERSON EXPLANATION OF VERDICT FORM**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

Authority: *Eleventh Circuit Civil Pattern Jury Instruction 3.9.*

GRANTED     _____     MODIFIED     _____

DENIED     _____     WITHDRAWN     _____

**PROPOSED JURY INSTRUCTION NO. 28**

**INTERIM STATEMENTS**

At times during the trial, the lawyers will address you. You'll soon hear the lawyers' opening statements, and at the trial's conclusion you'll hear their closing arguments. Sometimes the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence they just presented. These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be. They are not evidence themselves.

Authority: *Eleventh Circuit Civil Pattern Jury Instruction 1.5.*

GRANTED   _____        MODIFIED      _____

DENIED       _____        WITHDRAWN    _____

**PROPOSED JURY INSTRUCTION NO. 29**

**JUDICIAL NOTICE**

The rules of evidence allow me to accept facts that no one can reasonably dispute. The law calls this "judicial notice." I've accepted [state the fact that the court has judicially noticed] as proved even though no one introduced evidence to prove it. You must accept it as true for this case.

*Authority: Eleventh Circuit Civil Pattern Jury Instruction 2.5*

GRANTED _____        MODIFIED _____

DENIED _____        WITHDRAWN _____

**PROPOSED JURY INSTRUCTION NO. 30**

**Civil *Allen* Charge**

Members of the jury:

I'm going to ask you to continue your deliberations to reach a verdict. Please consider the following comments.

This is an important case. The trial has been expensive in terms of time, effort, money, and emotional strain to both the Birrens and RCCL. If you fail to agree on a verdict, the case remains open and may have to be tried again. A second trial would be costly to both sides, and there's no reason to believe either side can try it again better or more exhaustively than they have tried it before you.

Any future jury would be selected in the same manner and from the same source as you. There's no reason to believe that the case could ever be submitted to a jury of people more conscientious, more impartial, or more competent to decide it—or that either side could produce more or clearer evidence.

It's your duty to consult with one another and to deliberate with a view to reaching an agreement—if you can do it without violating your individual judgment. You must not give up your honest beliefs about the evidence's weight or effect solely because of other jurors' opinions or just to return a verdict. You must each decide the case for yourself—but only after you consider the evidence with your fellow jurors.

You shouldn't hesitate to reexamine your own views and change your opinion if you become convinced it's wrong. To bring your minds to a unanimous result, you must openly and frankly examine the questions submitted to you with proper regard for the opinions of others and with a willingness to reexamine your own views.

If a substantial majority of you is for a verdict for one party, each of you who holds a different position ought to consider whether your position is reasonable. It may not be reasonable since it makes so little impression on the minds of your fellow jurors—who bear the same responsibility, serve under the same oath, and have heard the same evidence.

You may conduct your deliberations as you choose, but I suggest that you now carefully reexamine and reconsider all the evidence in light of the court's instructions on the law. You may take all the time that you need.

I remind you that in your deliberations, you are to consider the court's instructions as a whole. You shouldn't single out any part of any instructions, including this one, and ignore others.

You may now return to the jury room and continue your deliberations.

*Authority:  Eleventh Circuit Civil Pattern Jury Instruction 2.8*

**GRANTED** _____   **MODIFIED** _____

**DENIED** _____   **WITHDRAWN** _____

**PROPOSED CLOSING INSTRUCTIONS**

Members of the jury, you have now heard all the evidence, my instructions on the law that you must apply in reaching your verdict, and the closing arguments of the attorneys. You will shortly retire to the jury room to decide this case. Before you do so, I have a few last instructions for you.

During deliberations, jurors must communicate about the case only with one another and only when all jurors are present in the jury room. You will have in the jury room all of the evidence that was received during the trial. In reaching your decision, do not do any research on your own or as a group. Do not use dictionaries, the Internet, or any other reference materials. Do not investigate the case or conduct any experiments. Do not visit or view the scene of any event involved in this case or look at maps or pictures on the Internet. If you happen to pass by the scene, do not stop or investigate. All jurors must see or hear the same evidence at the same time. Do not read, listen to, or watch any news accounts of this trial.

You are not to communicate with any person outside the jury about this case. Until you have reached a verdict, you must not talk about this case in person or through the telephone, writing, or electronic communication, such as blog, twitter, email, text message or any other means. Do not contact anyone to assist you, such a family accountant, doctor, or lawyer. These communication rules apply until I discharge you at the end of the case.

If you become aware of any violation these instructions or any other instruction I have given you in this case, you must tell me by giving a note to the bailiff.

*Any notes you have taken during the trial may be taken to the jury room for use during your discussion. Your notes are simply an aid to your own memory, and neither your notes nor those of any other juror are binding or conclusive. Your notes are not a substitute for your own memory or that of the other jurors. Instead, your verdict must result from the collective memory and judgment of all jurors based on the evidence and testimony presented during the trial.*

*At the conclusion of the trial, the bailiff will collect all of your notes and immediately destroy them. No one will ever read your notes.*

*In reaching your verdict, do not let bias, sympathy, prejudice, public opinion, or any other sentiment for or against any party to influence your decision. Your verdict must be based on the evidence that has been received and the law on which I have instructed you.*

*Reaching a verdict is exclusively your job. I cannot participate in that decision in any way and you should not guess what I think your verdict should be from something I may have said or done. You should not think that I prefer one verdict over another. Therefore, in reaching your verdict, you should not consider anything that I have said or done, except for my specific instructions to you.*

*Pay careful attention to all the instructions that I gave you, for that is the law that you must follow. You will have a copy of my instructions with you when you go to the jury room to deliberate. All the instructions are important, and you must consider all of them together. There are no other laws that apply to this case, and even if you do not agree with these laws, you must use them in reaching your decision in this case.*

*When you get to the jury room, the first thing you should do is choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court. The*

*foreperson should see to it that your discussions are orderly and that everyone has a fair chance to be heard.*

*A verdict form has been prepared for your convenience.*

*I have already instructed you on the law that you are to use in answering these questions. You must follow my instructions and the form carefully. The verdict form asks you to answer several yes or no questions and then contains instructions depending on your response. Please answer the questions in the order they appear and follow the instructions on the verdict form to get to a verdict.*

*Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.*

*If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.*

*You may now retire to decide your verdict.*

**Authority**: Eleventh Circuit Standard Jury Instruction (2020) – 3.9 (modified); Florida Standard Jury Instruction (2021) N. 700 (modified).

GRANTED _____

DENIED _____

MODIFIED_____