UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-22783-BB

KATHRYN BIRREN AND
MANDY BIRREN,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD.,
A Liberian Corporation,

    Defendant
_____/

### PLAINTIFF, MANDY BIRREN'S, MOTION FOR VOLUNTARY DISMISSAL

Plaintiff, MANDY BIRREN, by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 41(a)(2), respectfully moves for an order granting her Motion for Voluntary Dismissal. In support thereof, Plaintiffs state as follows:

1. This is a personal injury case wherein Plaintiffs allege they were injured while cruising aboard Defendant's vessel, the *Harmony of the Seas*.

2. Plaintiff, MANDY BIRREN, filed her initial Complaint [DE 1] against Defendant, ROYAL CARIBBEAN CRUISES, LTD., on July 7, 2020 and her Amended Complaint [DE 8] on September 18, 2020.

3. Plaintiff, MANDY BIRREN, a minor at the time of the incident, now moves to dismiss her claim(s) against Defendant, ROYAL CARIBBEAN CRUISES, LTD., pursuant to Fed. R. Civ. P. 41(a)(2).

### MEMORANDUM OF LAW

"The district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)." *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th

Cir. 2001). "In most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit*, as a result." *Id.* (emphasis in original). "The crucial question to be determined is, would the defendant lose any substantial right by the dismissal." *Id.,* at 1255-1256.

Here, Defendant would not lose any substantial rights. Notably, the Court has already ruled on Defendant's Motion [DE 90] for Summary Judgment and although the Court dismissed Counts VII, VII, and IX of Plaintiffs; Amended Complaint, it allowed for all other claims against the Defendant to proceed to trial. The remaining counts are not specific to Plaintiff, MANDY BIRREN, and as such, none of the discovery or trial preparation Defendant has engaged in is related *solely* to Ms. MANDY BIRREN'S claim. In fact, given that Plaintiff's allegations against Defendant mirror each other and relate back to the same incident, the discovery in this case would have been similar (if not identical) regardless of whether it involved one or two plaintiffs.

**WHEREFORE**, Plaintiffs, MANDY BIRREN, respectfully requests that this Honorable Court dismiss, with prejudice, her claim(s) against Defendant, ROYAL CARIBBEAN CRUISES, LTD., pursuant to Fed. R. Civ. P. 41(a)(2).

Respectfully submitted,

*/s/ Spencer M. Aronfeld*
**Spencer M. Aronfeld, Esq.**
Florida Bar No.: 905161
aronfeld@Aronfeld.com
**Abby Hernández Ivey, Esq.**
Florida Bar No.: 1002774
aivey@aronfeld.com
**ARONFELD TRIAL LAWYERS**
One Alhambra Plaza, Penthouse
Coral Gables, Florida 33134
P:	(305) 441.0440
F:	(305) 441.0198
***Attorneys for Plaintiff***

**CERTIFICATE OF GOOD FAITH CONFERENCE**

Pursuant to S.D. Fla. L. R. 7.1(a)(3), counsel for Plaintiff certifies that he has conferred with all parties as to whether Defendant would stipulate to dismissal of the claim(s) pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and represents that Defendant has not agreed to same.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 31, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

*/s/ Spencer M. Aronfeld*
**Spencer M. Aronfeld, Esq.**