UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 20-cv-22783-BLOOM/Louis**

KATHRYN BIRREN and
MANDY BIRREN,

    Plaintiffs,

v.

ROYAL CARIBBEAN CRUISES, LTD.,
a Liberian corporation,

    Defendant.
_____/

## ORDER ON OBJECTIONS TO PLAINTIFFS' DEMONSTRATIVE AID

**THIS CAUSE** is before the Court upon Defendant Royal Caribbean Cruises, LTD's ("Defendant") Memorandum of Law in Support of Its Objections to Plaintiffs' Demonstrative Aid, ECF No. [154] ("Objections"), filed on March 29, 2021. Plaintiffs filed a Response in Opposition, ECF No. [158] ("Response"). The Court has carefully reviewed the Objections, the video animations submitted by Plaintiffs, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, Defendant's Objections are overruled.

**I.   BACKGROUND**

Plaintiffs initiated this maritime personal injury action against Defendant on July 7, 2020. *See generally* ECF No. [1]. Plaintiffs seek damages for an incident that occurred on September 7, 2019, while Plaintiffs were passengers aboard Defendant's cruise ship, *Harmony of the Seas*. *See id.* ¶¶ 14-15.

Defendant now requests that the Court preclude Plaintiffs from introducing six (6) video animations created by Dr. Ying Lu ("Dr. Lu"), arguing that the animations improperly invade the province of the jury. *See* ECF No. [154] at 2. Defendant further submits that animations were

untimely produced after the *Daubert* motion deadline and that Plaintiffs failed to disclose Dr. Lu's qualifications and methodology – including an analysis of kinetic energy – to arrive at her conclusions. *See id.* at 3. Defendant finally argues that the animations constitute speculative hearsay and that Defendant will be unfairly prejudiced because the animations will leave a "particularly potent image in the jurors' minds." *Id.* at 5.

Plaintiffs respond that the animations were timely disclosed. *See* ECF No. [158] at 1-2. Plaintiffs argue that they disclosed Dr. Lu's qualifications, methodology, and animations before the expert discovery deadline and the *Daubert* motion deadline. *See id.* Plaintiffs also argue that Dr. Lu is qualified and that Dr. Lu's methodology is reliable and does not require further analysis of kinetic energy. *See id.* at 4. Plaintiffs further argue that Dr. Lu's animations support Dr. Lu's expert opinion that the twisting motion externally applied upon Plaintiff Kathryn Birren's cervical spine and lumbar spine during the incident was the source of her acute physical disc disruption. *See id.* at 3-4.

## II. LEGAL STANDARD

The Eleventh Circuit has held that the "admissibility of demonstrative evidence is largely within the discretion of the trial court." *Bury v. Marietta Dodge*, 692 F.2d 1335, 1338 (11th Cir. 1982). For a demonstrative aid to be admissible, "it is not required that all the conditions shall be precisely reproduced, but they must be so nearly the same in substantial particulars as to afford a fair comparison in respect to the particular issue to which the [demonstrative aid] is directed." *Burchfield v. CSX Transp., Inc.*, 636 F.3d 1330, 1336–37 (11th Cir. 2011) (citations omitted). "Further, experimental or demonstrative evidence, like any evidence offered at trial, should be excluded if its probative value is substantially outweighed by the danger of unfair prejudice,

confusion of the issues, or misleading the jury." *Id.* (citations and internal quotation marks omitted).

## III. DISCUSSION

The Court is not persuaded by Defendant's arguments. First, Plaintiffs' attached exhibit clearly indicates that Plaintiffs disclosed Dr. Lu's qualifications, methodology, and animations on June 18, 2021, before the expert discovery deadline and the deadline for *Daubert* motions. *See* ECF No. [158-1] at 1. Therefore, Plaintiffs' disclosures were not untimely. Second, given that Dr. Lu's qualifications, methodology, and animations were timely disclosed, any challenge to Dr. Lu should have been made in Defendant's *Daubert* Motion. Further, the Court is persuaded that Dr. Lu's experience in the fields of biomedical and biomechanical engineering qualifies Dr. Lu to offer her expert opinion and animations on Plaintiff Kathryn Birren's condition. The Court also finds Dr. Lu's methodology of reviewing various medical records and the CCTV footage of the incident and using her expertise in the fields of biomedical and biomechanical engineering to be reliable. Her expert opinions and animations will also be helpful to the jury who would otherwise be unable to understand the impact that the elevator doors could have had on Plaintiff Kathryn Birren's back and neck. *See* ECF No. [158-3] at 2-3.

Finally, to the extent that Defendant argues that the animations constitute speculative hearsay and Defendant will be unfairly prejudiced because the animations will leave a "particularly potent image in the jurors' minds," the Court is not persuaded. A comparison of the animations and the CCTV footage shows that the animations depict the incident in a substantially similar manner as the CCTV footage in all material aspects as to create a fair depiction. Indeed, Defendant fails to specify any material differences between the CCTV footage and the animations. *See* ECF No. [154] at 4 (describing the animations as "a reenactment"). Further, the animations illustrate

Dr. Lu's theory of the incident and demonstrate how her theory is purportedly consistent with the other evidence. The Court is confident that the jury will understand that the animations are intended for demonstrative purposes to illustrate Plaintiffs' theory of the case, rather than a depiction of actual events that the jurors are bound to accept as true. Thus, the Court determines that the probative value of the animations is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.

### IV.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Objections, **ECF No. [154]**, are **OVERRULED**.
2. Plaintiffs shall be permitted to introduce at trial the six (6) video animations as demonstrative aids.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 1, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record