## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-cv-22783-BLOOM/Louis

KATHRYN BIRREN

     Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.,

     Defendant.

_____ /

## <u>REPORT AND RECOMMENDATIONS</u>

**THIS CAUSE** is before the Court on Plaintiff Kathryn Birren's ("Plaintiff") Motion to Tax Costs and Verified Bill of Costs (ECF No. 207), pursuant to Local Rule 7.3(c), Federal Rule of Civil Procedure 54(d)(1), and 28 U.S.C. § 1920.  Defendant Royal Caribbean Cruises, Ltd. ("Defendant") filed a Response (ECF No. 210), to which Plaintiff filed a Reply (ECF No. 212). The Motion was referred to the undersigned by the Honorable Beth Bloom, United States District Judge, pursuant to 28 U.S.C. § 636 and Magistrate Judge Rule 1 of the Local Rules of the Southern District of Florida, for a Report and Recommendations.  (ECF No. 208).  Having considered the Motion, Response, Reply, the supporting materials attached thereto, the record as a whole, and being otherwise fully advised in the premises, the undersigned **RECOMMENDS** that the Motion (ECF No. 207) be **GRANTED in part** and **DENIED in part** as further set forth below.

## I.      BACKGROUND

This is a maritime personal injury action arising under the Court's admiralty and maritime jurisdiction, pursuant to 28 U.S.C. § 1333, initially brought by Plaintiffs Kathryn and Mandy Birren against Defendant Royal Caribbean Cruises, Ltd.

1

Plaintiffs commenced this action against Defendant on July 7, 2020 in this Court.  They amended their complaint on September 18, 2020 in response to Defendant's motion to dismiss. The First Amended Complaint (ECF No. 8) alleged that Plaintiffs were injured on Defendant's cruise ship, the *Harmony of the Seas*, when they exited an elevator that malfunctioned.  Plaintiffs asserted that the "elevator doors abruptly closed unusually soon, at an unusually fast speed, and with unusually great force," striking Plaintiff Kathryn Birren and causing her to collide with her daughter, Mandy Birren.  (*Id.* ¶ 16).  The First Amended Complaint further alleged that Plaintiff Kathryn Birren was not provided with adequate medical care by Defendant's shipboard medical personnel following the incident.  (*Id.* ¶ 17).  Accordingly, Plaintiffs asserted nine different negligence-related claims against Defendant.

Defendant moved for summary judgment (ECF No. 89), and on March 4, 2022, the Court granted the motion in part and denied it in part (ECF No. 124).  On March 31, 2022, shortly before the scheduled start of the April 4, 2022 trial, Mandy Birren filed a Motion for Voluntary Dismissal (ECF No. 156).  The Court granted the motion and dismissed her claims with prejudice; Plaintiff Kathryn Birren's claims continued on (ECF No. 161).

The case proceeded to a jury trial on six of the nine claims alleged in the First Amended Complaint.  On April 11, 2022, following a five-day trial, the jury returned a verdict in favor of Plaintiff Kathryn Birren and against Defendant.  (ECF No. 193).  The jury calculated Kathryn Birren's damages as $6,000.00.  The jury also found that she was 90 percent at fault for her injuries and that Defendant was 10 percent at fault.  Accordingly, the Court entered Final Judgment in favor of Plaintiff Kathryn Birren in the amount of $600.00 (ECF No. 194).  As the prevailing party, Plaintiff Kathryn Birren filed the instant Motion to Tax Costs and Verified Bill of Costs (ECF No. 207), pursuant to 28 U.S.C. § 1920, Federal Rule of Civil Procedure 54(d), and Local Rule 7.3.

## II.      LEGAL STANDARD

Plaintiff, as the prevailing party, is entitled to recuperate costs associated with the litigation. Federal Rule of Civil Procedure 54(d)(1) allows prevailing parties to receive litigation costs other than attorney's fees.  There is a "strong presumption" in favor of awarding taxable costs to the prevailing party, which the challenging party has the burden to overcome.  *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007).  Pursuant to 28 U.S.C. § 1920, a district court may tax as costs: "(1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title."

"[A]bsent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in 28 U.S.C. § 1920."  *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001) (citation omitted).  "The party seeking costs bears the burden of submitting a request for expenses that enables the court to determine what expenses were incurred and whether those expenses meet the proof of necessity and reasonableness under 28 U.S.C. 1920." *Shave v. Stanford Fin. Grp., Inc.*, No. 07-60749-CIV, 2008 WL 3200705, at *4 (S.D. Fla. Aug. 6, 2008).

## III.     DISCUSSION

Plaintiff seeks costs in the amount of $18,201.92, plus interest accruing from the date of her incident on September 7, 2019, consisting of: (1) $130.00 in fees for service of summons and subpoenas; (2) $400.00 in filing fees; (3) $14,035.09 in filing fees, court reporter fees, and witness

fees; and (4) $3,996.83 in fees for printing and copies.  (ECF No. 207-1 at 1).  Plaintiff has attached

invoices in support of her request to tax costs.  Defendant opposes $11,142.26 of the costs Plaintiff

seeks to tax, but does not oppose $7,059.66 of the costs.  (ECF No. 210 at 1 & n.1).

###### A.    Fees for Service of Summons and Subpoena.

Plaintiff seeks $130.00 in fees for the service of two subpoenas, consisting of: (1) $65.00

for the service of a subpoena on Torben Nielsen to compel his testimony at trial; and (2) $65.00

for the service of another subpoena on Mr. Nielsen to compel his testimony at a deposition.  (ECF

No. 207 at 3–4); (ECF No. 207-1 at 1, 3–4).  Defendant argues that Plaintiff cannot tax the cost of

Mr. Nielsen's trial testimony subpoena because it was served on the eve of trial and he did not

testify live at the trial, instead testifying by videorecorded deposition.  In her Reply, Plaintiff

withdraws her request to tax the cost of Mr. Nielsen's trial testimony subpoena.  Thus, the Parties

agree to Plaintiff recovering $65.00 for the cost of Mr. Nielsen's deposition testimony subpoena.

Under 28 U.S.C. §§ 1920 and 1921, private process server fees may be taxed so long as

the taxable costs of the process server are limited to the statutory fees that § 1921(b) authorizes.

*See EEOC v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000).  Section 1921(b) states that the

Attorney General shall prescribe the fees to be taxed and collected under subsection 1921(a).

"Such fees shall, to the extent practicable, reflect the actual and reasonable cost of the service

provided." 28 U.S.C. § 1921(b).  Private process fees may be taxed but must not exceed the $65.00

amount charged by the U.S. Marshal, pursuant to 28 C.F.R. § 0.114.  *See Brannon v. Finkelstein*,

No. 10-61813-CIV, 2017 WL 1395171, at *13 (S.D. Fla. Feb. 1, 2017), *report and

recommendation approved*, No. 10-61813-CV, 2017 WL 1452944 (S.D. Fla. Feb. 17, 2017).

Although the invoice submitted for Mr. Nielsen's deposition testimony subpoena reflects

a total cost of $150.00, Plaintiff seeks to recover no more than $65.00, consistent with the amount

charged by the U.S. Marshal.  Accordingly, I recommend that Plaintiff's request for service of subpoena costs in the amount of $65.00 be granted.

**B.    Fees of the Clerk.**

Plaintiff also seeks to tax $400.00 in fees paid to the Clerk of Court; specifically, the $400.00 fee paid in connection with filing this case, (ECF No. 207-1 at 1); (ECF No. 207 at 5). The receipt for the filing fee is identified on the docket, *see* (ECF No. 1), and Plaintiff's counsel has provided an invoice for the same, *see* (ECF No. 207-1 at 5).  Defendant does not oppose the request.  Because Plaintiff is entitled to the full amount of the filing fee, *see* 28 U.S.C. § 1920(1); *Mendez v. Integrated Tech Grp., LLC*, No. 18-22059-CIV, 2020 WL 6826355, at *4 (S.D. Fla. Nov. 20, 2020), I recommend that Plaintiff's request for filing fees in the amount of $400.00 be granted.

**C.    Deposition Costs and Court Reporter Fees.**

Plaintiff seeks $13,435.09 for court reporter and transcription fees.  The cost of deposition transcripts is taxable under 28 U.S.C. § 1920(2) so long as the transcripts were "necessarily obtained for use in the case."  *E.E.O.C.*, 213 F.3d at 620–21.  In determining the necessity of a deposition, it must only appear to have been reasonably necessary at the time it was taken.  *Id.* Additionally, "[b]ecause the parties presumably have equal knowledge of the basis for each deposition," the party who challenges the proposed costs "bears the burden of showing that specific deposition costs or a court reporter's fee was not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition."  *George v. Fla. Dep't of Corr.*, No. 07-80019-CIV, 2008 WL 2571348, at *5 (S.D. Fla. May 23, 2008).

Not all deposition costs, however, are recoverable.  Miscellaneous costs associated with deposition transcripts, such as shipping and handling, expedited delivery of transcripts, exhibit

costs, or condensed transcripts, are not taxable because generally, they are incurred for convenience of counsel, as opposed to being necessarily obtained for use in the case. *See Watson v. Lake Cnty.*, 492 F. App'x 991, 997 (11th Cir. 2012) ("§ 1920 does not authorize recovery of costs for shipment of depositions"); *Garden-Aire Vill. S. Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 10-61985-CIV, 2013 WL 12086655, at *2 (S.D. Fla. June 13, 2013).

Review of Plaintiff's Bill of Costs (ECF No. 207-1) reveals that Plaintiff's request for $13,435.09[1] for court reporter and transcription fees breaks down as follows:

(1)  $1,056.34 for the transcript of the deposition of Amanda Campos;

(2)  $825.85 for the transcript of the deposition of Ivan Kuseta;

(3)  $1,183.30 for the transcript of the deposition of Ante Babic;

(4)  $1,620.00 for the video of the deposition of Ante Babic;

(5)  $895.45 for the transcript of the deposition of Torben Nielsen;

(6)  $1,804.30 for the transcript of the deposition of Vito Abatangelo;

(7)  $537.50 for the video of the deposition of Vito Abatangelo;

(8)  $670.00 for the video of the deposition of Amanda Campos;

(9)  $545.00 for the video of the deposition of Kamal Patel, M.D.;

(10) $1,216.50 for the transcript of the deposition of Kamal Patel, M.D.;

(11) $350.00 for the video of the deposition of Erce Phillips, D.C.;

(12) $1,571.00 for the transcript of the deposition of Erce Phillips, D.C.;

(13) $32.85 for the transcript of a telephonic discovery hearing;

(14) $714.00 for the transcript of the deposition of Joseph Fernandez, M.D.; and

(15) $413.00 for the transcript of the deposition of Mandy Birren.

---

[1]  The Bill of Costs identifies the requested amount as $13,435.09.  In its Response, Defendant identifies the requested amount as $13,402.24.

(ECF No. 207 at 5–6).  Plaintiff argues in a conclusory fashion that all of the deposition costs identified above were incurred for use at trial or were incurred to prepare for trial and draft pretrial motions *in limine*, *Daubert* motions, and motions to strike.  Defendant raises challenges to $7,693.30 of the court reporter and deposition costs Plaintiff seeks.  The Court reviews each invoice in turn.

### 1.  Amanda Campos Deposition and Videorecording

Plaintiff's request for $1,056.34 for the transcript of the deposition of Amanda Campos is unopposed.  Plaintiff also seeks $670.00 for the videotaping of Ms. Campos's deposition.  Defendant does not dispute the necessity of Ms. Campos's deposition transcript, which is facially evident given that Ms. Campos's deposition is referenced in Defendant's Statement of Material Facts in Support of Its Motion for Summary Judgment (ECF No. 89).  *See Joseph v. Nichell's Caribbean Cuisine, Inc.*, 950 F. Supp. 2d 1254, 1258 (S.D. Fla. 2013) ("[D]epositions relied upon for summary judgment motions are taxable.").  However, Defendant does oppose permitting Plaintiff to recover the cost of videotaping Ms. Campos's deposition because Ms. Campos did not testify at the trial by videorecorded deposition.

I first note that the invoice for Ms. Campos's deposition transcript contains non-taxable costs associated with the delivery and handling of the deposition transcript—$30.00 for "Secure Digital File Processing & Support" and $25.00 for electronic storage of the deposition transcript. The invoice also identifies a $25.00 charge for non-taxable costs associated with a deposition exhibit. *See RGF Env't Grp. v. Activ Tek Env't Corp*., No. 08-80682-CIV, 2010 WL 3269982, at *3 (S.D. Fla. July 21, 2010), *report and recommendation adopted sub nom. RGF Env't Grp., Inc. v. Activ Tek Env't Corp.*, No. 08-CIV-80682, 2010 WL 3269976 (S.D. Fla. Aug. 18, 2010). Plaintiff may not recover these costs.

7

It also appears that the delivery of the transcript for Ms. Campos's deposition was expedited. *See* (ECF No. 207-1 at 7); *cf.* (*id.* at 8) (identifying transcript rate of $4.15 per page for deposition for Ivan Kuseta, conducted by the same company).  The cost to expedite deposition transcripts is generally not taxable, but a prevailing party may tax the cost of expediting transcripts for depositions taken within thirty (30) days of the deadline to file dispositive pretrial motions, such as motions for summary judgment.  *See Barrera v. Weiss & Woolrich S.*, 900 F. Supp. 2d 1328, 1335 (S.D. Fla. 2012); *see also Katz v. Chevaldina*, 127 F. Supp. 3d 1285, 1293 (S.D. Fla. 2015) ("The costs of expedited transcripts, however, can be reimbursed in certain cases where the expedited transcript was essential to the resolution of the case in favor of the prevailing party.").

Here, Ms. Campos's deposition was taken on May 6, 2021.  (ECF No. 207-1 at 7).  At the time Ms. Campos's deposition was taken, the deadline to file pretrial motions, on June 23, 2021, was more than 30 days after the deposition was taken.  (ECF No. 32).  Thus, I find that Plaintiff may tax the cost of Ms. Campos's deposition transcript, but not at the rate of $8.37 per page. Review of the invoice for Ivan Kuseta's deposition transcript, prepared by the same company used for Ms. Campos's deposition, reflects a rate of $4.15 per page.  (ECF No. 207-1 at 8).  To that end, I recommend that the district court apply the rate of $4.15 per page for Ms. Campos's deposition transcript, such that she be awarded $340.30 (82 pages at $4.15 per page).  Accordingly, I recommend that Plaintiff be awarded $630.30 in costs for Ms. Campos's deposition transcript.[2]

As to the videotaping of Ms. Campos's deposition, Defendant opposes Plaintiff's request to recover this cost because Ms. Campos did not testify at the trial by videorecorded deposition.

---

[2]   The invoice for Ms. Campos's deposition also contains a $150.00 charge identified as "Huseby Connect Webconferencing."  Defendant did not object to this charge, which appears to relate to the remote means by which the deposition was taken.  Accordingly, I will permit Plaintiff to recover this charge in connection with Ms. Campos's deposition, in addition to the charges for the appearance of the court reporter.  *See Joseph*, 950 F. Supp. 2d at 1259 (noting that "[t]he cases that have permitted court reporter appearance fees reason that it is necessary for the court reporter to appear and record the testimony, and then to subsequently prepare the deposition transcript" and thus permitting recovery of such fees).

"The costs of a videographer may be taxed if the party noticed the deposition to be recorded by non-stenographic means, or by both stenographic and non-stenographic means, and no objection was raised at that time by the other party." *Procaps v. Patheon Inc.*, No. 12-24356-CIV, 2016 WL 411017, at *3 (S.D. Fla. Feb. 2, 2016). "However, the party seeking reimbursement must still demonstrate that the transcripts were necessarily obtained for use in the case and where reimbursement for both methods of recording is sought, the prevailing party bears the burden of proving that both methods were necessary." *Harrell v. City of Opa-Locka*, No. 20-CV-21927, 2022 WL 1609090, at *6 (S.D. Fla. May 3, 2022), *report and recommendation adopted*, No. 20-21927-CIV, 2022 WL 1605333 (S.D. Fla. May 20, 2022). Plaintiff proffers in her Reply that portions of Ms. Campos's videorecorded deposition were in fact played during Plaintiff's opening statement. Further, the record reflects that, prior to and in anticipation of the trial, Defendant designated portions of Ms. Campos's deposition to be presented at trial. *See* (ECF No. 126 at 1). To that end, Plaintiff may tax the cost of videotaping Ms. Campos's deposition. However, Plaintiff may not recover the $45.00 fee associated with "shipping" Ms. Campos's remotely conducted and recorded deposition. Nor may Plaintiff recover the unexplained $150.00 fee associated with two units of "Video (Sync, DVD, MPEG-1 or MPEG-2)." Accordingly, Plaintiff may recover $475.00 for the videorecording of Ms. Campos's deposition.

### 2.   Ivan Kuseta Deposition

Plaintiff also seeks $825.85 in costs for the transcript of the deposition of Ivan Kuseta. Defendant does not dispute the necessity of this transcript. However, like the invoice for Ms. Campos's deposition, the invoice for Mr. Kuseta's deposition contains non-taxable costs associated with the delivery and handling of the deposition transcript—$30.00 for "Litigation Support Pkg.", $25.00 for storage and download access for the transcript, and $45.00 for

printing/binding/packaging/shipping.  The invoice also identifies a $25.00 charge for non-taxable costs associated with a deposition exhibit.  *See RGF Env't Grp.*, 2010 WL 3269982, at *3.  Because Plaintiff may not recover these costs, I recommend that Plaintiff be awarded $700.85 for Mr. Kuseta's deposition.

### 3.       Ante Babic Deposition and Videorecording

Next, Plaintiff seeks $1,183.30 for the transcript of the deposition of Ante Babic and $1,620.00 for the videorecording of that deposition.  Defendant disputes that Mr. Babic's deposition was necessary for use in this case, as he did not testify at trial and his deposition was not played at trial.  In the alternative, Defendant argues that the cost of videotaping Mr. Babic's deposition should not be taxed because it is excessive (specifically, the deposition was conducted over a videoconferencing platform such that all that had to be done was to hit the "record" button and the deposition cost more than others in this case that were recorded) and the video was not used at trial.

The Court rejects Defendant's argument that Mr. Babic's deposition was not necessarily obtained for use in this case.  In its Answers to Plaintiff's Interrogatories, Defendant identified Mr. Babic (its Chief Safety Officer) as a person with knowledge concerning the issues in this case, and as the individual who investigated Plaintiff's incident.  Plaintiff's Reply also proffers that Defendant's corporate representative identified Mr. Babic as the individual who preserved the CCTV footage of Plaintiff's incident.  Moreover, Defendant identified deposition designations for Mr. Babic to be presented at trial.  *See* (ECF No. 126 at 2).  And refreshing Mr. Babic's lack of recollection investigating Plaintiff's incident was the subject of Plaintiff's fourth motion *in limine*. *See Marshall v. Royal Caribbean Cruises Ltd.*, No. 16-21140-CIV, 2018 WL 4410006, at *2 (S.D. Fla. July 20, 2018), *report and recommendation adopted sub nom. Marshal v. Royal Caribbean*

*Cruises Ltd.*, No. 16-CV-21140-KMM, 2018 WL 4409889 (S.D. Fla. Aug. 6, 2018) ("A district court may also award costs for deposition transcripts not relied upon at summary judgment if the deposition was necessary for trial preparation, including the preparation of motions in limine."). For these reasons, I find that the deposition of Mr. Babic would have appeared reasonably necessary for use in this case at the time it was taken.

However, the invoice for Mr. Babic's deposition contains non-taxable costs associated with the delivery and handling of the deposition transcript—$30.00 for "Secure Digital File Processing & Support" and $25.00 for storage and download access for the transcript—and a $25.00 charge for non-taxable costs associated with a deposition exhibit. Because Plaintiff may not recover those costs, I recommend that Plaintiff be awarded $1,103.30 for Mr. Babic's deposition.

I also find that Plaintiff is entitled to tax the cost of videorecording Mr. Babic's deposition. In her Reply, Plaintiff explains that she arranged to have Mr. Babic's deposition videotaped to show the jury his demeanor and facial expressions "before Plaintiff knew that he would not remember virtually anything relevant." (ECF No. 212 at 3). I find this argument persuasive, especially where Defendant had designated Mr. Babic's testimony to be played at trial. The fact that the videorecording of the deposition was not actually played is irrelevant. *See Powell v. The Home Depot, U.S.A., Inc.*, No. 07-80435-CIV, 2010 WL 4116488, at *8 (S.D. Fla. Sept. 14, 2010), *report and recommendation adopted*, No. 07-80435-CIV, 2010 WL 4102933 (S.D. Fla. Oct. 18, 2010) (permitting recovery of costs for videorecorded deposition not played where the deposition was related to the claims or defenses in the case). Plaintiff also explains that the cost of videorecording Mr. Babic's deposition was more than other witnesses in this case because the deposition had to be continued. However, review of the transcript for Mr. Babic's approximately two-hour-and-forty-minute deposition reveals that, although adjourned and reconvened,

11

videorecording his deposition cost more than three times the amount of videorecording Vito Abatangelo's approximately two-hour-and-twenty-minute deposition. *Compare* (ECF No. 135-3 at 1) *and* (ECF No. 207-1 at 12), *with* (ECF No. 135-4 at 1) *and* (ECF No. 207-1 at 17). Accordingly, I recommend that Plaintiff be permitted to recover $600.00 for the videorecording of Mr. Babic's deposition, calculated according to the rates charged for Mr. Abatangelo's videorecorded deposition.[3]

### 4.    Torben Nielsen Deposition and Videorecording

Plaintiff also seeks to recover $895.45 for the transcript of the deposition of Torben Nielsen. Defendant does not dispute the necessity of this transcript, which is facially evident give that his video testimony was played during the third day of the trial. *See* (ECF No. 189). However, the invoice for Mr. Nielsen's deposition transcript contains non-taxable costs associated with the delivery and handling of the deposition transcript—$30.00 for "Secure Digital File Processing & Support" and $25.00 for storage and download access for the transcript—and a $25.00 charge for non-taxable costs associated with a deposition exhibit. *See RGF Env't Grp.*, 2010 WL 3269982, at *3. To that end, I recommend that Plaintiff be awarded $815.45 in costs for Mr. Nielsen's deposition.

### 5.    Vito Abatangelo Deposition and Videorecording

Plaintiff seeks $1,804.30 in costs for the transcript of the deposition of Vito Abatangelo and $537.50 for the videorecording thereof. Defendant does not oppose the necessity or cost of Mr. Abatenglo's deposition. However, Defendant opposes the necessity of videorecording that deposition because Mr. Abatangelo did not testify at trial by videotaped deposition.

---

[3] Plaintiff's recovery of $600.00 is calculated as follows: one unit of "Video Services" at a rate of $225.00 plus three units (rounded up) of "Video Additional Hours" at a rate of $125.00. *Cf.* (ECF No. 207-1 at 17). Plaintiff may not recover the $45.00 shipping fee for Mr. Babic's videorecorded deposition.

I note that the delivery of the transcript for Mr. Abatangelo's deposition was expedited. *See* (ECF No. 207-1 at 16). Plaintiff may tax the cost of Mr. Abatangelo's deposition transcript at the expedited rate because his deposition was taken within thirty days of the then-deadline to file dispositive pretrial motions for summary judgment—Mr. Abatangelo's deposition was taken on July 23, 2021 and the then-deadline to file motions for summary judgment was August 4, 2021. *See* (ECF No. 63 at 2); *Barrera*, 900 F. Supp. 2d at 1335. However, Plaintiff may not tax costs associated with the delivery and handling of Mr. Abatangelo's deposition transcript—$30.00 for "Secure Digital File Processing & Support" and $25.00 for storage and download access for the transcript—or the $25.00 charge for non-taxable costs associated with a deposition exhibit. *See RGF Env't Grp.*, 2010 WL 3269982, at *3. Accordingly, I recommend that Plaintiff be awarded $1,724.30 in costs for Mr. Abatangelo's deposition transcript.

Further, I do not find persuasive Defendant's argument that videotaping Mr. Abatangelo's deposition was not necessary because his deposition was not played at the trial: the record reflects that Defendant identified deposition designations for Mr. Abatangelo in anticipation of the trial. *See* (ECF No. 126 at 3). Accordingly, I recommend that Plaintiff be permitted to recover $537.50 for the videorecording of Mr. Abatangelo's deposition.

### 6. Dr. Kamal Patel Deposition and Videorecording

Next, Plaintiff seeks $1,216.50 for the transcript of the deposition of Dr. Kamal Patel (Plaintiff's pain management physician), and $545.00 for the videorecording thereof. Defendant opposes the cost of the deposition transcript for Dr. Patel because he did not testify at trial either in person or by videotaped deposition. In the alternative, Defendant opposes the necessity of videotaping Dr. Patel's deposition because his deposition was neither read nor played at the trial. Defendant also asserts that the $545.00 charge for videotaping Dr. Patel's deposition is excessive

for the same reasons it argues the charge for recording Mr. Babic's deposition is excessive. Plaintiff argues in her Reply that she requested that Dr. Patel's deposition be videorecorded so that the jury could observe his demeanor.  However, Plaintiff represents that she made the strategic decision not to call Dr. Patel to testify at trial because he did not have any helpful testimony to offer.

I note that, while Plaintiff explains the necessity of videorecording Dr. Patel's deposition in her Reply, she does not appear to explain the necessity of taking Dr. Patel's deposition in the first place.  *See Harrell*, 2022 WL 1609090, at *6 (explaining that a party seeking to tax costs for videorecording and stenographically recording a deposition bears the burden of providing that both methods were necessary).  To that end, Defendant has met its burden of showing that Dr. Patel's deposition was not necessary for use in this case, and Plaintiff may not recover the costs associated with that deposition transcript and videorecording thereof.[4]  *See Shave*, 2008 WL 3200705, at *4.

### 7.    Dr. Erce Phillips Deposition and Videorecording

Plaintiff also seeks $1,571.00 for the transcript of the deposition of her chiropractor, Erce Phillips, D.C., and $350.00 in costs associated with the videorecording of that deposition. Defendant opposes both requests because Plaintiff sought leave to depose Dr. Phillips after the close of discovery on the eve of trial, but then did not use Dr. Phillips's deposition or the videorecording at the trial.  In her Reply, Plaintiff appears to argue that the videorecording of Dr. Phillip's deposition was necessary so that the jury could view his demeanor.  Plaintiff contends in

---

[4]  I note that Plaintiff does identify Dr. Patel as her pain management physician.  (ECF No. 212 at 5).  Presumably, causation and the extent of her damages may have motivated Plaintiff to take Dr. Patel's deposition.  *See Rivera v. Royal Caribbean Cruises Ltd.*, 711 F. App'x 952, 955 (11th Cir. 2017) (affirming grant of summary judgment where there was no medical expert testimony to distinguish the ailments the plaintiff experienced before a fall and those the plaintiff experienced after and as a result of a fall).  But Plaintiff has not explained why Dr. Patel's deposition was necessary for use in this case beyond her conclusory assertion in her Motion that all the deposition costs incurred in this case were necessarily obtained for use at the trial or were utilized in preparing for trial.  (ECF No. 207 at 7).  And as noted above, Plaintiff's Reply addresses only Defendant's argument regarding the necessity of videorecording Dr. Patel's deposition.

her Reply that she made the strategic decision not to use Dr. Phillips's deposition testimony at trial because it was not helpful, a decision she could only make after taking his deposition. Plaintiff also proffers that she sought leave to depose Dr. Phillips because the court ruled that she would not be permitted to call him to testify by live videoconference at trial.

The district court granted Plaintiff's request at the calendar call on March 22, 2022 to depose Dr. Phillips to preserve his testimony for the trial. Defendant recognized as much in a motion seeking the same relief as to a different witness, *see* (ECF No. 152 at 1) (recognizing the purpose of Plaintiff's request was to preserve testimony for trial), which the district court granted, (ECF No. 153). Defendant's opposition to taxing the cost of Dr. Phillips's deposition is misplaced—it implies that a deposition taken to preserve testimony for trial could not have been necessary for use in the case. However, Plaintiff was afforded leave by the district court to take Dr. Phillips's deposition precisely for use at the trial. That Plaintiff opted not to use that deposition is of no moment. *See Powell*, 2010 WL 4116488, at *8. Thus, I recommend that Plaintiff be permitted to tax the cost of Dr. Phillips's videorecorded deposition. However, Plaintiff may not tax the unexplained $250.00 "Litigation Support Services" cost identified in the invoice for the transcript of Dr. Phillips's deposition.

Accordingly, I recommend that Plaintiff be permitted to recover $350.00 for the videorecording of the deposition of Dr. Phillips and $1,321.00 for the transcript of that deposition.

### 8.    May 27, 2021 Telephonic Discovery Hearing Transcript

Next, Plaintiff seeks to recover $32.85 for the transcript of the May 27, 2021 Telephonic Discovery Hearing (ECF No. 64). Defendant asserts this transcript was ordered for the convenience of counsel and was not used in connection with any subsequent filings or communications, and therefore should not be taxed. Plaintiff counters that this transcript was

needed in the event Defendant did not comply with the Court's order to produce requested discovery within fourteen days of the hearing, as no written order was entered.

"Copies of hearing transcripts are reasonably necessary if the ruling refers to the hearing." *See Feise v. N. Broward Hosp. Dist.*, No. 14-CV-61556, 2017 WL 3315144, at *4 (S.D. Fla. Aug. 3, 2017) (citing *Zokaites v. 3236 NE 5th St., Inc.*, No. 07-60670-CIV, 2008 WL 4792451, at *4 (S.D. Fla. Oct. 31, 2008)) (permitting the prevailing party to tax the cost of hearing transcripts when the court's orders referred to "the reasons articulated by the Court at the Hearing" and "the reasons stated on the record"). Here, review of the record reflects that the Court made oral rulings at the May 27, 2021 Telephonic Discovery Hearing: the Court's Paperless Minute Entry directed the Parties "to adhere to the Court's rulings as stated on the record." (ECF No. 64). Accordingly, I recommend that Plaintiff be permitted to recover $32.85 for the transcript of the May 27, 2021 Telephonic Discovery Hearing. *See Feise,* 2017 WL 3315144, at *4.

### 9. Dr. Joseph Fernandez Deposition Transcript

Plaintiff seeks $714.00 in costs for the transcript of the deposition of Dr. Joseph Fernandez. Defendant does not dispute the necessity of this transcript. However, the invoice for Dr. Fernandez's deposition contains non-taxable costs incurred for the convenience of counsel—$35.00 for PDF and Mini copies of the deposition transcript. Because Plaintiff may not recover that cost, I recommend that Plaintiff be awarded $679.00 for Dr. Fernandez's deposition transcript.

### 10. Mandy Birren Deposition Transcript

Plaintiff requests $413.00 in costs for the transcript of the deposition of her daughter, Mandy Birren. Defendant does not dispute the necessity of this transcript. Because the invoice for this deposition contains the same unexplained $35.00 charge for a PDF and Mini copy of the

deposition described above, I recommend that Plaintiff be awarded $378.00 for Mandy Birren's deposition transcript.

***

In sum, I recommend that the Plaintiff be awarded $9,247.55 in costs for court reporter and deposition costs, consisting of: $630.30 for the deposition transcript of Amanda Campos; $475.00 for the videorecording of Amanda Campos's deposition; $700.85 for the deposition transcript of Ivan Kuseta; $1,103.30 for the deposition transcript of Ante Babic; $600.00 for the videorecording of Ante Babic's deposition; $815.45 for Torben Nielsen's deposition; $1,724.30 in costs for the deposition transcript of Vito Abatangelo; $537.50 for the videorecording of Vito Abatangelo's deposition; $1,321.00 for deposition transcript of Erce Phillips, D.C.; $350.00 for the videorecording of the deposition of Erce Phillips, D.C.; $32.84 for the transcript of the May 27, 2021 Telephonic Discovery Hearing; $679.00 for Dr. Joseph Fernandez's deposition transcript; and, $378.00 for Mandy Birren's deposition transcript.

**D.      Fees for Witnesses.**

Plaintiff also seeks to recover $240.00 in witness fees, consisting of: $40.00 for Dr. Ying Lu; $80.00 for Jeffrey Hanson; $40.00 for Dr. Kamal Patel; $40.00 for Dr. Elizabeth Trinidad; and $40.00 for Dr. Erce Phillips.  Defendant opposes these fees because Plaintiff did not submit invoices specific to these witnesses' testimony in connection with this case.  To the extent Plaintiff submitted invoices, the invoices reflect costs for her witnesses' participation in this case *leading up to* the trial or deposition testimony, but do not reflect the cost for each witness's testimony *at* the trial or deposition.

The cost of witness fees is taxable under 28 U.S.C. § 1920(3).  The amount that can be taxed for witness fees is limited by 28 U.S.C. § 1821, which "permits a witness payment of $40

17

per day for attendance in court or at a deposition, a common carrier travel expense or a mileage allowance, a per diem subsistence allowance if an overnight stay at the place of attendance is required, and other miscellaneous expenses, such as tolls, parking fees, and taxicab fares." *Transatlantic Lines, LLC v. Portus Stevedoring LLC*, No. 14-60528-CIV, 2016 WL 11547976, at *4 (S.D. Fla. Jan. 13, 2016), *report and recommendation adopted*, No. 14-60528-CIV, 2016 WL 11547727 (S.D. Fla. Feb. 11, 2016).   "Expert witnesses are treated the same as non-expert witnesses for purposes of taxing costs." *Higgs v. Costa Crociere S.P.A. Co.*, No. 15-60280-CIV, 2016 WL 4370020, at *3 (S.D. Fla. Apr. 28, 2016), *report and recommendation adopted*, No. 15-60280-CIV, 2016 WL 4370037 (S.D. Fla. May 16, 2016).

    Defendant does not dispute that the witnesses at issue testified at depositions or at the trial in connection with this case—Plaintiff has submitted invoices reflecting court reporter fees in connection with two of the witnesses' depositions (Drs. Kamal Patel and Erce Phillips), and the record reflects that the other three witnesses (Jeffrey Hanson, and Drs. Ying Lu and Elizabeth Trinidad) testified at the trial.   Plaintiff has also submitted invoices reflecting costs for the work her witnesses performed in this case.   (ECF No. 207-1 at 26–36).   In her Reply, Plaintiff explains that these invoices show she paid considerably more than the requested $40.00 per day for her witnesses to author their reports and testify in this case.   However, Defendant correctly observes that none of Plaintiff's invoices reflect charges for her witnesses' appearances *at their depositions or the days they testified at trial*.   *Cf. Korsing v. United States*, No. 16-22190-CIV-Lenard/Louis, 2019 WL 2255577, at *5 (S.D. Fla. Feb. 4, 2019), *report and recommendation adopted*, No. 16-22190-CIV, 2019 WL 2254951 (S.D. Fla. Feb. 20, 2019) (awarding witness fees of $40.00 per day in connection with witnesses sitting for depositions or testifying at trial); *see also Korsing v. United States*, No. 16-22190-CIV-Lenard/Louis (S.D. Fla. 2019), (ECF No. 117-4) (invoices from

witnesses identifying charges specific to the witnesses' appearances at trial testimony and depositions).

Plaintiff did not provide the Court with the proper supporting invoices. Accordingly, I recommend that Plaintiff not be permitted to recover the requested $240.00 in witness fees.

### E.   Copying Fees

Plaintiff also seeks $3,996.83 in costs associated with obtaining and making copies of her medical records. Defendant opposes all but $877.77 of the requested costs. As to the disputed costs, Defendant takes issue with a charge of $123.00 for 123 pages of body charts in which Plaintiff circled areas of pain and recorded her pain level, and which cost $1.00 per page to obtain. *See* (ECF No. 207-1 at 49–51). According to Defendant, it is not aware of these records, and in any event, the charge is unreasonable. Defendant also disputes charges amounting to $2,996.06 for copies billed by a legal technology servicer, "YoCierge." Defendant argues that the invoices submitted in connection with this service are unclear as to what the individual charges are actually for and how many copies and what pages of what records were actually obtained.

In her Reply, Plaintiff argues that Defendant fails to demonstrate that the $123.00 charge for 123 pages of body charts was not necessary for this case. Further, Plaintiff explains that the $2,996.06 in costs Defendant challenges were incurred when Plaintiff's counsel engaged YoCierge, a third-party company that retrieved and copied her medical records. Plaintiff contends that she incurred the cost of copying her medical records via this third-party servicer.

The cost of copying records is recoverable if "the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *E.E.O.C.*, 213 F.3d at 623; *see also* 28 U.S.C. § 1920(4). "In this regard, '[t]he costs of photocopies attributable to discovery, as well as copies of pleadings, correspondence, copies of exhibits and copies prepared for the court may all

be recoverable[.]'" *Spatz v. Microtel Inns & Suites Franchising, Inc.*, No. 11-60509-CIV, 2012 WL 1587663, at *6 (S.D. Fla. May 4, 2012) (quoting *Rodriguez v. M.I. Quality Lawn Maint., Inc.*, No. 10-21031-CIV, 2012 WL 664275, at *6 (S.D. Fla. Feb. 9, 2012)).  However, the "[u]se of information contained in a file is not a prerequisite to finding that it was necessary to copy the file." *E.E.O.C.*, 213 F.3d at 623.

In requesting copying costs, the prevailing party "cannot simply make unsubstantiated claims that copies of the documents were necessary," because they alone know the purpose of the copies. *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1335 (S.D. Fla. 2009).  The prevailing party must provide more than the mere label that the costs they seek to recover are "copying costs." *See Lebron v. Royal Caribbean Cruises, Ltd.*, No. 1:16-CV-24687-KMW, 2021 WL 3007191, at *7 (S.D. Fla. June 28, 2021), *report and recommendation adopted*, No. 16-24687-CIV, 2021 WL 3005648 (S.D. Fla. July 15, 2021) ("General copying costs without further descriptions . . . however, are not recoverable.").  Notwithstanding, the prevailing party is not required to articulate the specific reason for each photocopy.  *See Roberts v. Carnival Corp.*, No. 19-CV-25281-KMM, 2021 WL 7542968, at *5 (S.D. Fla. Sept. 21, 2021) (quoting *Salvani v. Corizon Health, Inc.*, No. 17-24567-CIV, 2019 U.S. Dist. LEXIS 199373, at *10–13 (S.D. Fla. Nov. 15, 2019)) ("While prevailing parties are 'not require[d] . . . to articulate the specific reasons for each photocopy or exemplification – [they] must do more than point to an outline of the costs incurred.'").

The Court has reviewed each of the invoices submitted in connection with Plaintiff's request to tax the cost of obtaining her medical records.  I note that they reflect costs incurred by Plaintiff's counsel in obtaining medical records specific to Plaintiff Kathryn Birren.  Because Defendant does not object to $877.77 of the requested costs, I recommend that Plaintiff be awarded those costs.

20

Further, I find Defendant's challenge to the $123.00 cost to obtain 123 pages of body charts misplaced.  It is not apparent how these records, which appear to relate to Plaintiff's chiropractic treatment with Dr. Phillips (Plaintiff's treating chiropractor and a deponent in this case) could not have been obtained for use in this case.  Further, the charge is not excessive.  *See Milligan v. Rambosk*, No. 2:20-CV-403-JES-KCD, 2022 WL 2975038, at *2 (M.D. Fla. July 5, 2022), *report and recommendation adopted*, No. 2:20-CV-403-JES-KCD, 2022 WL 2967077 (M.D. Fla. July 27, 2022) (noting that, while Florida's statutory rate of $1.00 per page for medical record copies is not binding under § 1920, "Florida's statutory rate seems an adequate benchmark that sufficiently reflects the administrative nature of the task," and thus permitting the prevailing party to tax the cost of retrieving medical records at the rate of $1.00 per page).  I recommend that Plaintiff be permitted to recover this cost.

As to the challenged cost of retrieving Plaintiff's medical records using the YoCierge service, I find that Plaintiff could have reasonably believed it was necessary to obtain copies of her medical records to prosecute this maritime personal injury action.  Such records are relevant to causation, the extent of her injuries, and the amount of her damages.  However, it is not evidently clear from the invoices submitted in connection with Plaintiff's YoCierge retrieval service costs what the individual charges represent.  This retrieval service appears to have been retained for the convenience of Plaintiff's counsel.  I recognize that retaining YoCierge does not prevent Plaintiff from recovering the passed-along costs YoCierge incurred in obtaining Plaintiff's medical records from her medical provides, but the Court is unable to determine if these passed-along cost are reasonable or excessive, because Plaintiff's YoCierge invoices do not provide any detail on the number of pages of medical records that YoCierge obtained on behalf of Plaintiff's counsel.  *See Milligan*, 2022 WL 2975038, at *2 (noting that the "decision to pay an excessive amount for

copying medical records does not entitle [the prevailing party] to pass on the windfall charges to [the opposing party]" and rejecting the prevailing party's argument that the recoverable amount is the amount that had to be paid to retrieve medical records).  Rather, many of Plaintiff's YoCierge invoices appear to suggest that her counsel was charged a flat $45.00 rate for each request to retrieve her medical records.

I recommend, however, that Plaintiff be permitted to cover the disputed costs of $7.95 for copies of medical records made in anticipation of Dr. Patel's deposition, and $30.60 for copies of medical records made in anticipation of Dr. Phillips's deposition.  Defendant raises no objection specific to these costs in its Response and I find no reason not to recommend that these costs be taxed.

Accordingly, I recommend that Plaintiff be permitted to recover $1,039.32 in costs associated with obtaining copies of her medical records.

### F.      Interest on Costs

Last, Plaintiff requests that the award of costs in her favor accrue interest at the highest legally available rate from the date of her incident, on September 7, 2019.  Although Defendant does not respond to this specific request, the request is improper.  Plaintiff may only accrue interest on an award of taxable costs from the date the court entered Final Judgment in her favor—April 12, 2022.  *See Spatz*, 2012 WL 1587663, at *8 (quoting *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1052 (11th Cir. 1994)) ("The Eleventh Circuit, recognizing that § 1961(a) applies to awards of costs, has held that 'interest shall accrue on . . . taxable costs from the date the court entered final judgment . . . .'" (alterations in original)).

Accordingly, I recommend that Plaintiff be awarded interest on the costs she is permitted to tax, to accrue from the date of entry of Final Judgment in her favor on April 12, 2022.

## IV.     RECOMMENDATIONS

For the foregoing reasons, the undersigned **RECOMMENDS** that Plaintiff Kathryn Birren's Motion to Tax Costs and Verified Bill of Costs (ECF No. 207) be **GRANTED in part and DENIED in part**, and that Plaintiff be awarded a total of **$10,751.87** in taxable costs, consisting of $65.00 for the fees associated with service of a subpoena, $400.00 for the filing fee in this case, $9,247.55 in court reporter and transcription fees, and $1,039.32 in costs associated with obtaining copies of medical records, to accrue interest from the date of entry of Final Judgment.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Beth Bloom, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."  11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida this 15th day of September, 2022.

LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

cc:     Honorable Beth Bloom
        Counsel of Record