UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-cv-22783-BLOOM/Louis

KATHRYN BIRREN,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.,

    Defendant.
_____/

## REPORT AND RECOMMENDATIONS

**THIS CAUSE** is before the Court on Defendant Royal Caribbean Cruises, Ltd.'s ("Defendant") Verified Motion for Fees and Costs Pursuant to Rule 41(a)(2). (ECF No. 206). Plaintiff Kathryn Birren and former plaintiff Mandy Birren filed a Response (ECF No. 209), to which Defendant filed a Reply (ECF No. 211). The Motion was referred to the undersigned by the Honorable Beth Bloom, United States District Judge, pursuant to 28 U.S.C. § 636 and Magistrate Judge Rule 1 of the Local Rules of the Southern District of Florida, for a Report and Recommendations. (ECF No. 208). Having considered the Motion, Response, Reply, the supporting materials attached thereto, the record as a whole, and being otherwise fully advised in the premises, the undersigned **RECOMMENDS** that the Motion (ECF No. 206) be **DENIED** as further set forth below.

**I.    BACKGROUND**

This is a maritime personal injury action arising under the Court's admiralty and maritime jurisdiction, pursuant to 28 U.S.C. § 1333, initially brought by Plaintiffs Kathryn Birren and Mandy Birren against Defendant Royal Caribbean Cruises, Ltd.

1

Plaintiffs commenced this action against Defendant on July 7, 2020 in this Court. They amended their complaint on September 18, 2020 in response to Defendant's motion to dismiss. The First Amended Complaint (ECF No. 8) alleged that Plaintiffs were injured on Defendant's cruise ship, the *Harmony of the Seas*, when they exited an elevator that malfunctioned. Plaintiffs asserted that the "elevator doors abruptly closed unusually soon, at an unusually fast speed, and with unusually great force," striking Plaintiff Kathryn Birren and causing her to collide with her daughter, then-Plaintiff Mandy Birren. (*Id.* ¶ 16). The First Amended Complaint further alleged that Plaintiff Kathryn Birren was not provided with adequate medical care by Defendant's shipboard medical personnel following the incident. (*Id.* ¶ 17). Accordingly, Plaintiffs asserted nine different negligence-related claims against Defendant.

Defendant moved for summary judgment (ECF No. 89). On March 4, 2022, the court granted the motion in part and denied it in part (ECF No. 124). On March 31, 2022, shortly before the scheduled start of the April 4, 2022 trial, Mandy Birren filed a Motion for Voluntary Dismissal (ECF No. 156). The motion requested that Mandy Birren's claims be dismissed with prejudice. (*Id.* at 2). Defendant filed a response requesting that the dismissal of Mandy Birren's claims be conditioned upon an award of fees and costs (ECF No. 159).

On April 1, 2022, the court granted the motion and dismissed Mandy Birren's claims with prejudice; Plaintiff Kathryn Birren's claims continued on (ECF No. 161).[1] The Court's Order of Dismissal with Prejudice reserved ruling on Defendant's request for attorney's fees and expert-related costs pertaining to Mandy Birren. (*Id.*).

Now, Defendant renews its request for an award of fees and costs, requesting $27,760.60 in

---

[1] The case proceeded to a jury trial on six claims brought by Kathryn Birren. On April 11, 2022, following a five-day trial, the jury returned a verdict in favor of Plaintiff Kathryn Birren and against Defendant, awarding Kathryn Birren $6,000.00. (ECF No. 193). The jury also found Kathryn Birren 90 percent at fault. Thus, the Court entered Final Judgment in favor of Kathryn Birren and against Defendant, in the amount of $600.00. (ECF No. 194).

fees and costs incurred specific to defending against Mandy Birren's claims, pursuant to Federal Rule of Civil Procedure 41(a)(2).[2]

## II. DISCUSSION

Defendant claims that it is entitled to an award of fees and costs incurred defending against Mandy Birren's claims. According to Defendant, it is the prevailing party as to Mandy Birren's claims in this action. Defendant notes that, under Federal Rule of Civil Procedure 41(a)(2), courts may award a defendant fees and costs that cannot be recycled in a subsequent action among the parties when granting a plaintiff's motion for voluntary dismissal without prejudice, including where the plaintiff is permitted to voluntarily dismiss her claims at a late stage of the litigation. Because, in this action, Mandy Birren voluntarily dismissed her claims with prejudice on the eve of trial one year and nine months into the litigation, Defendant contends that none of the fees and costs incurred are recyclable, and thus it is entitled to an award of fees and costs.

Plaintiffs dispute that Defendant is entitled to an award of fees and costs. Plaintiffs assert that 28 U.S.C. § 1920 does not permit an award of attorney's fees, and that no other statute authorizes the shifting of fees in circumstances such as these. According to Plaintiffs, Defendant's reliance on cases dismissed *without* prejudice under Federal Rule of Civil Procedure 41(a)(2) is inapposite: Plaintiffs contend that courts awarding fees under Rule 41(d) do so because subsequent actions can be brought, which is not possible here because Mandy Birren's claims were dismissed *with* prejudice. Plaintiffs also argue that any award of costs should be reduced to conform with 28 U.S.C. § 1920.

Defendant replies that Plaintiffs confuse fees and costs under Rule 54(d), which are limited by 28 U.S.C. § 1920, with awards under Rule 41(a)(2), which are not limited by § 1920. Defendant reiterates that, in this District, awards of fees and costs are permitted under Rule 41 when a court

---

[2] The Court construes the Motion's references to Rule 42(a)(2) as a scrivener's error.

3

grants a plaintiff's motion to voluntarily dismiss her claims. According to Defendant, Plaintiffs neglect that fees and costs are requested under Rule 41(a)(2), and that they further misinterpret Rule 41 as permitting an award of fees under Rule 41(d) only upon the filing of a subsequent action.

### A.  Fee Request

Under Federal Rule of Civil Procedure 41(a)(1)(A), a plaintiff may voluntarily dismiss an action without a court order "before the opposing party serves either an answer or a motion for summary judgment" or upon a "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(i)–(ii). In all other circumstances, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Unless a dismissal order states otherwise, a dismissal pursuant to Rule 41(a)(2) is without prejudice. *Id.*

While, in the United States, it is the general rule that in the absence of explicit statutory authority, litigants must pay their own attorney's fees, *see Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum. Res.*, 532 U.S. 598, 602–03 (2001); *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 415 (1978), "[a] plaintiff ordinarily will not be permitted to dismiss an action without prejudice under Rule 41(a)(2) after the defendant has been put to considerable expense in preparing for trial, except on condition that the plaintiff reimburse the defendant for at least a portion of his expenses of litigation." *McCants v. Ford Motor Co.*, 781 F.2d 855, 860 (11th Cir. 1986).

An award under Rule 41(a)(2) "may include all litigation-related expenses incurred by the defendant, including reasonable attorneys' fees." *Id.* In determining whether an award under Rule 41(a)(2) is appropriate, district courts must "weigh the relevant equities and do justice between the parties in each case" and attach "such conditions to the dismissal as are deemed appropriate." *4539 Pinetree LLC v. Certain Underwriters at Llyod's London*, No. 21-21010-CIV, 2022 WL 3229303, at

4

\*3 (S.D. Fla. July 26, 2022), *report and recommendation adopted sub nom. 4539 Pinetree LLC v. Certain Underwriters at Lloyd's London Subscribing to policy B1180D160620/100NC*, No. 21-CV-21010, 2022 WL 3227066 (S.D. Fla. Aug. 10, 2022) (quoting *McCants*, 781 F.2d at 857). "If the parties contemplate a subsequent similar lawsuit, the award of litigation-related expenses may be limited to those incurred in 'discovering information and researching and pressing legal arguments that will not be useful in the later suit.'" *Hard Rock Cafe Int'l USA, Inc. v. RockStar Hotels, Inc.*, No. 17-CV-62013, 2018 WL 7144143, at \*1 (S.D. Fla. July 16, 2018) (quoting *McCants*, 781 F.2d at 860).

Here, Mandy Birren sought dismissal of her claims *with* prejudice. Defendant requested that the dismissal be conditioned upon an award of fees and costs. The Court dismissed Mandy Birren's claims *with* prejudice and reserved ruling on Defendant's request for fees and expert-related costs. Defendant renewed its request for fees and costs in its Verified Motion, seeking fees *only* under Federal Rule of Civil Procedure 41(a)(2). However, while an award of fees and costs will ordinarily accompany an order voluntarily dismissing an action *without* prejudice under Rule 41(a)(2), the same is not true for dismissals *with* prejudice:

> Under Rule 41(a)(2) of the Federal Rules of Civil Procedure, the award of attorney's fees is often made when a plaintiff dismisses an action without prejudice. Yet, in a voluntarily dismissed lawsuit with prejudice under Rule 41(a)(2), attorney's fees have almost never been awarded. Furthermore, several courts have held that the award of attorney's fees in a voluntarily dismissed lawsuit with prejudice is only appropriate when there is independent statutory authority to support such an award.

*Murdock v. Prudential Ins. Co. of Am.*, 154 F.R.D. 271, 273 (M.D. Fla. 1994) (internal citations omitted). As the Second Circuit has explained:

> The reason for denying a fee award upon dismissal of claims with prejudice is simply that the defendant, unlike a defendant against whom a claim has been dismissed without prejudice, has been freed of the risk of relitigation of the issues just as if the case had been adjudicated in his favor after a trial, in which event (absent statutory authorization) the American Rule would preclude such an award.

5

*Colombrito v. Kelly*, 764 F.2d 122, 134 (2d Cir. 1985).

Further, no independent statutory basis for an award of fees is advanced in Defendant's Verified Motion. *See Meeks v. LTD Fin. Servs., L.P.*, No. 1:18-CV-5184-RWS-CCB, 2020 WL 9599950, at *4 (N.D. Ga. Jan. 27, 2020), *report and recommendation adopted*, No. 1:18-CV-5184-RWS, 2020 WL 9600099 (N.D. Ga. Feb. 24, 2020) (noting that, "to the extent that statutes or rules other than Rule 41 itself authorize fees and sanctions 'for any reason other than insulating the Defendant from having to defend a lawsuit anew,' there is no reason that 'a Rule 41 dismissal with prejudice would or should prohibit such recovery'" (quoting *Carter v. CACH, LLC*, No. 1:14-CV-2786-MHC-JKL, 2016 WL 11581050, at *5 (N.D. Ga. Apr. 7, 2016), *adopted by* 2016 WL 11581046 (N.D. Ga. May 20, 2016))).[3]

Based on the foregoing, I find that Defendant is not entitled to an award of fees as a result of Mandy Birren's voluntary dismissal with prejudice. *Cf. Tesma v. Maddox-Joines, Inc.*, 254 F.R.D. 699, 702 (S.D. Fla. 2008) (awarding fees and costs in connection with a voluntary dismissal with prejudice where the plaintiff refiled a previously-dismissed, frivolous action). I recommend that the Verified Motion be denied to the extent it seeks an award of fees.

**B.    Costs Request**

Further, I note that courts have described the prohibition on awards of attorney fees under Rule 41(a)(2) voluntary dismissals with prejudice as extending to requests for costs. *See Quillet v. Jain*, No. 612CV1283ORL28TBS, 2014 WL 12632907, at *1 & n.1 (M.D. Fla. May 27, 2014) ("In

---

[3] The Eleventh Circuit has not yet addressed whether it is proper to award fees upon a voluntary dismissal with prejudice under Rule 41(a)(2) in "exceptional circumstances," a standard sometimes applied outside this Circuit as a basis for an award of fees apart from when fees are independently statutorily authorized. *See Bankhead v. Castle Parking Sols., LLC*, No. 1:17-CV-04085, 2019 WL 11003291, at *5 (N.D. Ga. Aug. 15, 2019) (citing *Lemond v. Capital One Bank (USA), N.A.*, No. 1:09-cv-01582, 2011 WL 13269444, at *3 (N.D. Ga. 2011)); *see also* Federal Practice & Procedure (Wright & Miller) § 2366 (4th ed. 2022) ("Many courts have held that if the dismissal is with prejudice, absent 'exceptional circumstances' the court lacks the power to require the payment of attorney's fees unless there has been vexatiousness or the case is of a kind in which attorney's fees otherwise might be ordered after termination on the merits.").

addition, absent exceptional circumstances, attorney's fees *and costs* are not awarded in cases voluntarily dismissed with prejudice.") (emphasis added); *Attwood v. Clemons*, No. 1:18CV38-MW/GRJ, 2021 WL 7707720, at *2 (N.D. Fla. June 7, 2021) (declining to award fees and costs where such awards are not generally permitted for voluntary dismissal with prejudice).

Though I do not recommend a finding that Defendant is entitled to costs on the grounds asserted in this Motion, I recognize that the disposition of Mandy Birren's claims and her eve-of-trial request to voluntarily dismiss her claims with prejudice renders Defendant the prevailing party. *See Gil v. Palm Beach Cnty. Fla.*, No. 9:17-CV-80996, 2020 WL 434484, at *1 (S.D. Fla. Jan. 28, 2020) (noting that "[a] defendant is considered a prevailing party if he obtains from a plaintiff a voluntary dismissal with prejudice," and stating that the court would entertain a motion to tax costs that complied with 28 U.S.C. § 1920, Federal Rule of Civil Procedure 54(d)(1), and Local Rule 7.3). The proper vehicle for a prevailing party to obtain an award of costs is Rule 54(d)(1). *See* Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."). Here, however, Defendant reiterates in its Reply that, under Rule 41(a)(2), an award of fees and costs in its favor is *not* limited or controlled by other statutes, such as 28 U.S.C. § 1920. Indeed, Defendant expressly confirms that its Verified Motion is *not* brought under Rule 54(d)(1), which is limited by 28 U.S.C. § 1920. (ECF No. 211 at 2) ("Here, RCCL's Motion is not brought pursuant to Rule 54(d)(1).").[4]

To that end, I recommend that Defendant's request for an award of costs be denied without prejudice to Defendant renewing the request in a properly filed motion to tax costs limited to those

---

[4] Defendant does cite to § 1920 in its Verified Motion with respect to taxing the cost of deposition transcripts and the cost of making copies, in addition to Eleventh Circuit cases applying § 1920. *See, e.g.*, (ECF No. 206 at 6) (citing *E.E.O.C v. W & O, Inc.*, 213 F.3d 600 (11th Cir. 2000)). However, the Verified Motion requests potentially nontaxable expert fees, and is not otherwise filed as a motion to tax costs under Rule 54(d)(1).

7

costs that are taxable under and in compliance with 28 U.S.C. § 1920, Federal Rule of Civil Procedure 54(d)(1), and Local Rule 7.3.

### III.     RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that Defendant Royal Caribbean Cruises, Ltd.'s Verified Motion for Fees and Costs Pursuant to Rule 41(a)(2), (ECF No. 206), be **DENIED** to the extent it requests an award of attorney's fees, and **DENIED without prejudice** to the extent it requests an award of costs, with leave to refile a motion to tax costs in compliance with 28 U.S.C. § 1920, Federal Rule of Civil Procedure 54(d)(1), and Local Rule 7.3

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Beth Bloom, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."  11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 7th day of October, 2022.

LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

cc:     Honorable Beth Bloom
        Counsel of Record