UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-22783-BLOOM/Louis

KATHRYN BIRREN and
MANDY BIRREN,

    Plaintiffs,

v.

ROYAL CARIBBEAN CRUISES, LTD.,

    Defendant.
_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION**

**THIS CAUSE** is before the Court upon Defendant Royal Caribbean Cruises, LTD.'s ("Defendant") Verified Motion for Fees and Costs Pursuant to Rule 41(a)(2), ECF No. [206] ("Motion"). Plaintiff, Kathryn Birren, and former Plaintiff Mandy Birren (collectively "Plaintiffs") filed a Response, ECF No. [209] ("Response"), to which Defendant filed a Reply, ECF No. [211] ("Reply"). The Motions were referred to United States Magistrate Judge Lauren F. Louis for a Report and Recommendation, ECF No. [208]. On October 7, 2022, Magistrate Judge Louis issued a Report and Recommendation, ECF No. [218] ("R&R"), recommending that Defendant's request for an award of attorneys' fees be denied and that Defendant's request for an award of costs be denied without prejudice. *See id.* at 8. The R&R advised the parties that objections to the R&R must be filed within fourteen (14) days of the R&R. *Id.* Defendant thereafter timely filed Objections to the Magistrate Judge's R&R, ECF No. [221] ("Objections")[1], and Plaintiffs timely filed a Response in Opposition to the Objections. ECF No. [223] ("Response to Objections").

---

[1] Defendant contemporaneously filed an Amended Verified Motion to Tax Costs, ECF No. [220], that the Court does not address in this Order.

The Court has conducted a *de novo* review of the R&R, the Objections, and the record in this case in accordance with 28 U.S.C. § 636(b)(1)(C). *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)). For the reasons set forth below, the Court overrules Defendant's Objections and adopts the R&R.

I.  BACKGROUND

Plaintiffs initiated this maritime personal injury action against Defendant on July 7, 2020. *See generally* ECF No. [1]. Plaintiffs sought damages for an incident that occurred on September 7, 2019, while Plaintiffs were passengers aboard Defendant's cruise ship, *Harmony of the Seas*. *See id.* ¶¶ 14-15. On September 8, 2020, Defendant filed a Motion to Dismiss, ECF No. [7], and Plaintiffs amended their Complaint in response, ECF No. [8]. The Amended Complaint asserted the following nine counts against Defendant: Count I – Negligent Hiring and Retention; Count II – Negligent Supervision and Training; Count III – Negligent Failure to Warn of Dangerous Conditions; Count IV – Negligent Design, Installation, and/or Approval of the Subject Area and the Vicinity; Count V – Negligence Against Defendant for the Acts of its Crewmembers Based on Vicarious Liability; Count VI – Negligent Failure to Inspect, Clean, Maintain, Repair, Remedy, and/or Take Other Reasonable Measures for the Safety of Plaintiffs; Count VII – Vicarious Liability Against Defendant for the Negligence of the Ship's Medical Staff; Count VIII – Apparent Agency as to Defendant for the Acts of the Ship's Medical Staff; and Count IX – Assumption of Duty as to Defendant for the Negligence of the Ship's Medical Staff. *See generally id*. On December 22, 2021, Defendant filed a Motion for Summary Judgment, ECF No. [90] which the Court granted in part and denied in part, dismissing three of the nine counts. ECF No. [124].

On March 31, 2022, more than a year and a half after initiating the case, Plaintiff Mandy Birren filed a Motion for Voluntary Dismissal requesting that her claims be dismissed with prejudice.

ECF No. [156]. Defendant responded that it would not stipulate to the dismissal and requested that Mandy Birren be ordered to pay Defendant's expert costs and reasonable attorneys' fees. ECF No. [159]. Plaintiff Mandy Birren replied and requested that the Court allow her to agree to any conditions upon which the Court would permit a voluntary dismissal before granting her Motion for Voluntary Dismissal. ECF No. [160]. The Court thereafter granted Mandy Birren's Motion for Voluntary Dismissal and reserved ruling on Defendant's request for attorneys' fees and expert-related costs pertaining to Mandy Birren until the conclusion of the trial.[2] ECF No. [161].

On May 2, 2022, following the jury trial of Plaintiff Kathryn Birren's claims, Defendants submitted the instant Motion in which they renewed their request for an order requiring Mandy Birren to pay Defendant's expert costs and reasonable attorneys' fees. ECF No. [206]. Specifically, Defendant's Motion requested $14,875.00 in costs for medical expert services incurred solely to defend against Mandy Birren's claims. ECF No. [206] at 5. Defendant's requests for both costs and fees were made pursuant to Fed. R. Civ. P. 41(a)(2). *Id*. at 2. Plaintiffs responded that Defendant was not entitled to costs or fees associated with its medical expert services because "there is no category for recovery of costs associated with experts, unless that expert was appointed by the court (which none of the experts in the instant case were)" under 28 U.S.C. § 1920. ECF No. [209] at 6. Plaintiffs also argued that, to the extent Defendant seeks the award under Rule 41, it is inappropriate because Mandy Birren dismissed her claims with prejudice rather than without prejudice. *Id*. at 7. In Reply, Defendant reasserted that it only sought the award of costs pursuant to Rule 41(a)(2) and therefore not limited by 28 U.S.C. § 1920. ECF No. [211] at 1, 7. As stated, the Court referred Defendant's Motion to Magistrate Judge Louis for a R&R. ECF No. [208].

---

[2] Plaintiff Kathryn Birren's claims proceeded to a jury trial which commenced on April 4, 2022. *See* ECF No. [186].

On October 7, 2022, Magistrate Judge Louis issued the R&R in which she recommended that Defendant's request for an award of attorneys' fees be denied and that Defendant's request for an award of costs be denied without prejudice. ECF No. [218]. Defendant filed its Objections to the R&R, asserting that the R&R did not address Defendant's request for medical expert costs and renewing its request to be awarded medical expert costs. ECF No. [221]. Plaintiffs respond that Defendant "is simply wrong when it asserts that the Honorable Magistrate Judge did not address its expert costs" and that, regardless, Defendant is not entitled to costs associated with experts. ECF No. [223].

## II. LEGAL STANDARD

### a. Objections to Magistrate Judge's R&R

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)) (alterations omitted). The objections must also present "supporting legal authority." S.D. Fla. L. Mag. J.R. 4(b). The portions of the report and recommendation to which an objection is made are reviewed *de novo* only if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). If a party fails to object to any portion of the magistrate judge's report, those portions are reviewed for clear error. *Macort*, 208 F. App'x at 784 (quoting *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999)); *see also Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001). "It is improper for an objecting party to ... submit [ ] papers to a district court which are nothing more than a rehashing

4

of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to an R & R." *Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)). A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1).

    b. Rule 41(a)(2)

Under Rule 41(a)(2), a plaintiff, with court approval, may dismiss an action voluntarily and without prejudice to be refiled in the future. *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 856 (11th Cir. 1986). Rule 41(a)(2) permits a court to condition dismissal on the reimbursement of a defendant's litigation-related expenses including reasonable attorneys' fees where a case is voluntarily dismissed without prejudice and the defendant has been put to considerable expense in preparing for trial. *McCants*, at 860. "Yet, in a voluntarily dismissed lawsuit with prejudice under Rule 41(a)(2), attorney's fees have almost never been awarded." *Murdock v. Prudential Ins. Co. of Am.*, 154 F.R.D. 271, 273 (M.D. Fla. 1994). Some courts have provided that "under certain exceptional circumstances, attorney's fees can be awarded when a case is voluntarily dismissed with prejudice." *Id*. "'Exceptional circumstances include a litigant's failure to perform a meaningful pre-suit investigation, and a repeated practice of bringing claims and dismissing them with prejudice after inflicting substantial costs on the opposing party and the judicial system.'" *Atwood*, 2021 WL 7707720 at *1 (quoting *Carroll v. E One Inc.*, 893 F.3d 139, 152 (3d Cir. 2018)).

**III.    ANALYSIS**

Defendant contends that Judge Louis failed to address its request for medical expert costs, and requests that this Court grant its renewed request for $14,875.00 in medical expert costs. ECF

No. [221]. Plaintiffs argue that Judge Louis clearly addressed both fees and costs in the R&R and that Defendant has not shown any error. ECF No. [223] at 2-3.

In the R&R, Judge Louis addressed Defendant's Motion by dividing Defendant's requests into two separate categories: fee request and costs request. *See* ECF No. [218]. Judge Louis determined that Defendant was not entitled to an award of fees. *Id*. at 4-6. She also recommended that Defendant's request for an award of costs be denied without prejudice because Defendant is not entitled to costs on the grounds asserted in the Motion. *Id*. at 6-8. Judge Louis specifically noted that Defendant's Motion included a request for potentially nontaxable expert fees. *Id*. at 7, n.4. The Court therefore finds that Judge Louis did consider Defendant's request for medical expert costs and construed them as part of Defendant's request for an award of costs. The Court notes that Judge Louis recommended Defendant's request for costs be denied without prejudice because "courts have described the prohibition on awards of attorney fees under Rule 41(a)(2) voluntary dismissals with prejudice as extending to requests for costs." ECF No. [218] at 6 (citing *Quillet v. Jain*, No. 612CV1283ORL28TBS, 2014 WL 12632907, at *1 & n.1 (M.D. Fla. May 27, 2014) ("In addition, absent exceptional circumstances, attorney's fees *and costs* are not awarded in cases voluntarily dismissed with prejudice.") (emphasis added); *Attwood v. Clemons*, No. 1:18CV38-MW/GRJ, 2021 WL 7707720, at *2 (N.D. Fla. June 7, 2021) (declining to award fees and costs where such awards are not generally permitted for voluntary dismissal with prejudice)).

Defendant does not object to Judge Louis's recommendation that the Court deny its request for legal fees. Defendant contends only that the R&R is silent on its request for medical expert costs and reiterates the arguments made in its Motion — that it is entitled to the award of legal fees and costs under Rule 41(a)(2) as permitted under exceptional circumstances. ECF No. [221] at 6. Defendant argues that the exceptional circumstance is Mandy Birren's failure to conduct a

meaningful pre-suit investigation because, if she had done so, she may have decided to dismiss her claims earlier, preventing Defendant from incurring significant medical expert costs. Defendant contends that "exceptional circumstances include a litigant's failure to perform a meaningful pre-suit investigation." *Attwood*, 2021 WL 7707720 at *1. In *Attwood*, the court was not persuaded that there were extraordinary circumstances because the Court had previously determined that the plaintiff "raised questions of law and fact that were of sufficient merit to survive summary judgment." *Id*. Similarly, most of Mandy Birren's claims raised questions of law and fact and survived Defendant's Motion for Summary Judgment. *See* ECF No. [124]. The Court therefore finds that Defendant has not shown that Mandy Birren filed her claim or pursued the litigation in bad faith and has not demonstrated exceptional circumstances exist to support an award for costs. *See id*.

Accordingly, the Court does not exercise its discretion to grant Defendant an award for his expert costs under Rule 41(a)(2). Defendant's Objections are overruled.

## IV.  CONCLUSION

Upon a comprehensive *de novo* review, the Court finds Magistrate Judge Louis's R&R to be well reasoned and correct on all matters.

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. The R&R, **ECF No. [218]**, is **ADOPTED**.
2. Defendant's Objections, **ECF No. [221]**, are **OVERRULED**.
3. Defendant's Motion, **ECF No. [206]**, is **DENIED** to the extent that it seeks an award of attorneys' fees and **DENIED without prejudice** to the extent that it seeks an award of costs.

Case No. 20-cv-22783-BLOOM/Louis

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 21, 2022

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record