**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:20-cv-22783-BLOOM/Louis

KATHRYN BIRREN

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.,

    Defendant.
_____/

**REPORT AND RECOMMENDATIONS**

**THIS CAUSE** is before the Court on Defendant Royal Caribbean Cruises, Ltd.'s Amended Verified Motion to Tax Costs (ECF No. 220), pursuant to Local Rule 7.3(c), Federal Rule of Civil Procedure 54(d)(1), and 28 U.S.C. § 1920. Plaintiff Kathryn Birren and former Plaintiff Mandy Birren (collectively, "Plaintiffs") filed a response in opposition (ECF No. 222), to which Defendant filed a reply (ECF No. 224). The Motion was referred to the undersigned by the Honorable Beth Bloom, United States District Judge, pursuant to 28 U.S.C. § 636 and Magistrate Judge Rule 1 of the Local Rules of the Southern District of Florida, for a Report and Recommendations. (ECF No. 226). Having considered the Motion, Response, Reply, the supporting materials attached thereto, the record as a whole, and being otherwise fully advised, the undersigned respectfully **RECOMMENDS** that the Amended Motion (ECF No. 220) be **GRANTED, in part,** as further set forth below.

**I.   BACKGROUND**

This is a maritime personal injury action arising under the Court's admiralty and maritime jurisdiction, pursuant to 28 U.S.C. § 1333, initially brought by Plaintiffs Kathryn and Mandy

Birren against Defendant Royal Caribbean Cruises, Ltd.

Plaintiffs commenced this action against Defendant on July 7, 2020 in this Court. They amended their complaint on September 18, 2020, in response to Defendant's motion to dismiss. The First Amended Complaint (ECF No. 8) alleged that Plaintiffs were injured on Defendant's cruise ship, the *Harmony of the Seas*, when they exited an elevator that malfunctioned. Specifically, Plaintiffs asserted that the "elevator doors abruptly closed unusually soon, at an unusually fast speed, and with unusually great force," striking Plaintiff Kathryn Birren and causing her to collide with her daughter, Mandy Birren. (*Id.* ¶ 16). The First Amended Complaint further alleged that Plaintiff Kathryn Birren was not provided with adequate medical care by Defendant's shipboard medical personnel following the incident. (*Id.* ¶ 17). Accordingly, Plaintiffs asserted nine different negligence-related claims against Defendant.

Defendant moved for summary judgment. (ECF No. 89). On March 4, 2022, the District Court granted the motion in part, and denied the motion in part. (ECF No. 124). On March 31, 2022, shortly before the scheduled start of the April 4, 2022 jury trial, Mandy Birren filed a Motion for Voluntary Dismissal (ECF No. 156), therein requesting that Mandy Birren's claims be dismissed with prejudice. Defendant filed a response requesting that the dismissal of Mandy Birren's claims be conditioned upon an award of fees and costs. (ECF No. 159).

On April 1, 2022, the District Court granted the motion and dismissed Mandy Birren's claims with prejudice; Plaintiff Kathryn Birren's claims continued on (ECF No. 161).[1] The

---

[1] The case proceeded to a five-day jury trial on six claims brought by Kathryn Birren. On April 11, 2022, the jury returned a verdict in favor of Plaintiff Kathryn Birren and against Defendant, awarding Kathryn Birren $6,000.00. (ECF No. 193). The jury also found Kathryn Birren 90 percent at fault. Thus, the District Court entered Final Judgment in favor of Kathryn Birren, and against Defendant, in the amount of $600.00. (ECF No. 194). On May 3, 2022, Plaintiff Kathryn Birren filed a Motion to Tax Costs and Verified Bill of Costs (ECF No. 207), pursuant to 28 U.S.C. § 1920, Federal Rule of Civil Procedure 54(d), and Local Rule 7.3. The undersigned issued a Report and Recommendations (ECF No. 216), recommending that the motion be granted, in part, and denied, in part, and that Kathryn Birren be awarded $10,751.87 in taxable costs. The Report and Recommendations was adopted (ECF No. 219).

District Court's Order of Dismissal with Prejudice reserved ruling on Defendant's request for attorney's fees and expert-related costs pertaining to Mandy Birren. (*Id.*).

On May 2, 2022, following the entry of Final Judgment, and as relevant here, Defendant filed the Verified Motion for Fees and Costs Pursuant to Rule 41(a)(2), seeking $27,760.60 in fees and costs incurred specific to defending against Mandy Birren's claims. (ECF No. 206). The undersigned issued a Report and Recommendations (ECF No. 218), recommending that the District Court deny the motion. Specifically, I found that Defendant was not entitled to an award of attorney's fees under Federal Rule of Civil Procedure 41(a)(2) for a voluntary dismissal with prejudice, as was the case here. Nonetheless, I found that Mandy Birren's voluntary dismissal rendered Defendant the prevailing party as between Mandy Birren and Defendant, thereby entitling Defendant to an award of costs under Rule 54. However, and although the Verified Motion for Fees and Costs Pursuant to Rule 41(a)(2) cited to 28 U.S.C. § 1920 and cases applying that statute, Defendant expressly did not bring the Verified Motion as a motion to tax costs under Rule 54(d)(1), and instead sought costs that were potentially not taxable under that rule and under § 1920.

Accordingly, I recommended that the District Court deny the motion to the extent Defendant sought an award of attorney's fees, and that the District Court deny the motion without prejudice to Defendant renewing the request for costs in a properly filed motion to tax costs, limited to those costs taxable under and in compliance with 28 U.S.C. § 1920, Rule 54(d)(1), and Local Rule 7.3.

Defendant filed Objections to the Report and Recommendations. (ECF No. 221). The District Court overruled Defendant's Objections, adopted the Report and Recommendations, denied the Verified Motion for Fees and Costs Pursuant to Rule 41(a)(2) to the extent Defendant sought an award of attorney's fees, and denied the Verified Motion without prejudice to the extent

Defendant sought an award of costs. (ECF No. 225).

Contemporaneous with its Objections, Defendant separately filed the instant Amended Verified Motion to Tax Costs (ECF No. 220), wherein Defendant now seeks an award of costs in the amount of $1,911.70.[2]

## II. LEGAL STANDARD

Defendant, as the prevailing party as between Defendant and Mandy Birren, is entitled to recuperate costs associated with defending against Mandy Birren's claims. Federal Rule of Civil Procedure 54(d)(1) allows prevailing parties to receive litigation costs other than attorney's fees. There is a "strong presumption" in favor of awarding taxable costs to the prevailing party, which the challenging party has the burden to overcome. *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007). Pursuant to 28 U.S.C. § 1920, a district court may tax as costs: "(1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title."

"[A]bsent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in 28 U.S.C. § 1920." *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001) (citation omitted). "The party seeking costs bears the burden of submitting a request for expenses that enables the court to determine what expenses were incurred

---

[2] The Amended Motion includes a reference to a request for costs in the amount of $4,904.00. (ECF No. 220 at 4). As, throughout the Amended Motion, Defendant otherwise requests costs in the amount of $1,911.70, and because Defendant's Bill of Costs attached to the Amended Motion seeks only $1,911.70, (ECF No. 220-1 at 1), the undersigned construes the request for $4,904.00 as a scrivener's error.

4

and whether those expenses meet the proof of necessity and reasonableness under 28 U.S.C. [§] 1920." *Shave v. Stanford Fin. Grp., Inc.*, No. 07-60749-CIV, 2008 WL 3200705, at *4 (S.D. Fla. Aug. 6, 2008).

## III.   DISCUSSION

Defendant seeks costs in the amount of $1,911.70, plus interest, consisting of: (1) $80.00 in fees for the service of a subpoena; (2) $808.50 in court reporter and transcription fees; and (3) $1,023.20 in fees for printing and copies. (ECF No. 220-1 at 1). In support of its request, Defendant has attached invoices evidencing the costs it incurred defending against Mandy Birren's claims. Plaintiffs oppose an award of costs as "grossly untimely" under Local Rule 7.3, because the Amended Motion was not filed within 30 days of the entry of Final Judgment. Otherwise, Plaintiffs oppose specific costs requested in the Amended Motion. Accordingly, the undersigned first turns to Plaintiffs' argument that the Amended Motion is untimely.

### A.   The Amended Motion Is Not Untimely

Plaintiffs contend that the Amended Motion is untimely because it was filed more than 6 months after the entry of Final Judgment in this case. In its Reply, Defendant argues that the instant Amended Motion is timely because the undersigned granted Defendant leave to file the motion within 14 days of the entry of the Report and Recommendations. (ECF No. 224 at 1–2).

Local Rule 7.3(c) provides that "[a] bill of costs pursuant to 28 U.S.C. § 1920 shall be filed and served within thirty (30) days of entry of final judgment or other appealable order that gives rise to a right to tax costs under the circumstances listed in 28 U.S.C. § 1920." S.D. Fla. L.R. 7.3(c). Here, the District Court granted Mandy Birren's Motion for Voluntary Dismissal (ECF No. 156) on April 1, 2022, (ECF No. 161), and in so doing reserved ruling on Defendant's request for attorney's fees and expert-related costs specific to Mandy Birren, until the conclusion of the

5

trial. Final Judgment was entered on April 11, 2022 (ECF No. 194), and on May 2, 2022, Defendant filed its Verified Motion for Fees and Costs Pursuant to Rule 41(a)(2). (ECF No. 206). Indeed, the instant Amended Motion was filed on October 20, 2022, more than 6 months after the entry of Final Judgment.

However, the Amended Motion was not untimely when filed—it was premature. In the October 7, 2022 Report and Recommendations on Defendant's Verified Motion for Fees and Costs Pursuant to Rule 41(a)(2), (ECF No. 206), the undersigned "***recommend[ed]*** that Defendant's request for an award of costs be denied without prejudice to Defendant renewing the request in a properly filed motion to tax costs limited to those costs that are taxable under and in compliance with 28 U.S.C. § 1920, Federal Rule of Civil Procedure 54(d)(1), and Local Rule 7.3." (ECF No. 218 at 7–8) (emphasis added).

Thereafter, Defendant filed the instant Amended Motion contemporaneous with its Objections, and in so doing, incorrectly claimed that "[t]he Magistrate Judge . . . provided 14 days for RCCL to file an Amended Motion to Tax Costs in compliance with 28 U.S.C. § 1920, Rule 54(d)(1), and Local Rule 7.3." (ECF No. 220 at 2). Not so. The 14-day period referenced in the Report and Recommendations is the statutory period within which to raise objections and seek *de novo* review by the District Judge. *See* 28 U.S.C. § 636(b)(1). At the time the Amended Motion was filed, it was my recommendation that the District Court deny the request for costs without prejudice to Defendant renewing that request. Ultimately, Defendant's Objections were overruled, and the Report and Recommendations was adopted. Thus, the instant motion was premature when filed because the request for costs had not yet been denied without prejudice to renewing that request.

To that end, and for the avoidance of doubt, I recommend that the District Court accept the Amended Verified Motion to Tax Costs (ECF No. 220) as timely filed.

**B.   Costs**

Having determined that the Amended Motion is timely, I turn to Defendant's request for costs in the amount of $1,911.70.

**1.   Fees for Service of Subpoenas**

Defendant seeks $80.00 in fees for the service of subpoenas, consisting of one subpoena served upon Mandy Birren's medical providers. (ECF No. 220 at 5). The invoice for this subpoena reflects service attempts at two different addresses, both billed at $40.00. (ECF No. 220-1 at 3). Plaintiffs argue that Defendant is entitled to recover only $40.00 for the service of this subpoena, as Defendant may not recover for its process server's "purported failure to identify the correct address on its first service attempt." (ECF No. 222 at 3). Defendant replies that Mandy Birren failed to disclose the medical provider at issue, including her business address and name of her medical practice. Rather, Defendant argues that, to the extent Mandy Birren did provide records bearing the provider's contact information, three separate addresses and medical practices were listed. As a result, counsel for Defendant performed a Google search of the medical provider to locate her business address.

Under 28 U.S.C. §§ 1920 and 1921, private process server fees may be taxed so long as the taxable costs of the process server are limited to the statutory fees that § 1921(b) authorizes. *See EEOC v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). Section 1921(b) states that the Attorney General shall prescribe the fees to be taxed and collected under subsection 1921(a). "Such fees shall, to the extent practicable, reflect the actual and reasonable cost of the service provided." 28 U.S.C. § 1921(b). Private process fees may be taxed, but must not exceed the

$65.00 amount charged by the U.S. Marshal, pursuant to 28 C.F.R. § 0.114. *See Brannon v. Finkelstein*, No. 10-61813-CIV, 2017 WL 1395171, at *13 (S.D. Fla. Feb. 1, 2017), *report and recommendation adopted*, No. 10-61813-CV, 2017 WL 1452944 (S.D. Fla. Feb. 17, 2017).

Generally, a prevailing party may not recover the cost of multiple attempts at service on the same subpoena recipient, unless there is evidence justifying the need for multiple service attempts. *See Carroll v. Carnival Corp.*, No. 16-20829-CIV, 2018 WL 1795469, at *2 (S.D. Fla. Feb. 6, 2018), *report and recommendation adopted as modified*, No. 16-20829-CIV, 2018 WL 1795790 (S.D. Fla. Mar. 9, 2018). The prevailing party must also show they were diligent. *See Powell v. Carey Int'l, Inc.*, 548 F. Supp. 2d 1351, 1359 (S.D. Fla. 2008) (permitting recovery of only one attempt for service on the relevant individual because the prevailing party was not diligent in determining which individual to serve, where there were two individuals with the same name).

Here, the invoice submitted reflects $80.00 in costs incurred for two service attempts on Mandy Birren's medical provider at two different office addresses in Palm Beach County, Florida. While the evidence provided in support of the multiple service attempts shows that Mandy Birren did not disclose the current office address for the medical provider at issue, defense counsel performed a Google search and presumably instructed the process server to serve the subpoena at the address returned in that Google search. That the address turned out not to be the correct address is not attributable to Mandy Birren. This is not a case where "a third party provided [Defendant] with an incorrect address." *Carroll*, 2018 WL 1795469, at *3. Rather, Mandy Birren provided no address, and the incorrect address was ascertained by counsel through a Google search. There is no evidence that counsel attempted to verify the address after conducting the Google search.

Accordingly, I recommend that Defendant be permitted to recover $40.00 in connection with the service of a subpoena on Mandy Birren's medical provider.

8

### 2. Court Reporter and Transcription Fees

Next, Defendant seeks to recover $808.50 in costs associated with the January 11, 2021 deposition of Mandy Birren. Plaintiffs oppose Defendant's request to recover the costs of Mandy Birren's deposition, arguing that that deposition was necessarily obtained for use in *Kathryn Birren's* case. Thus, Plaintiffs argue that, as between Kathryn Birren and Defendant, Kathryn Birren is the greater prevailing party for purposes of recovering the costs associated with Mandy Birren's deposition. In the alternative, Plaintiffs argue that Defendant should not be permitted to recover more than half the cost associated with this transcript.

In reply, Defendant asserts that the entirety of Mandy Birren's deposition concerned Mandy Birren's claims against Defendant, her medical history, her injuries, and the facts surrounding the incident aboard Defendant's cruise ship. Thus, Defendant contends that, to the extent Plaintiffs assert Mandy Birren's deposition concerned the merits of Kathryn Birren's case, such assertions are incorrect.

The cost of deposition transcripts is taxable under 28 U.S.C. § 1920(2) so long as the transcripts were "necessarily obtained for use in the case." *See EEOC*, 213 F.3d at 620–21. In determining the necessity of a deposition, it must only appear to have been reasonably necessary at the time it was taken. *Id.* Additionally, "[b]ecause the parties presumably have equal knowledge of the basis for each deposition," the party who challenges the proposed costs "bears the burden of showing that specific deposition costs or a court reporter's fee was not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition." *George v. Fla. Dep't of Corr.*, No. 07-80019-CIV, 2008 WL 2571348, at *5 (S.D. Fla. May 23, 2008).

Not all deposition costs, however, are recoverable. Miscellaneous costs associated with

deposition transcripts, such as shipping and handling, expedited delivery of transcripts, exhibit costs, or condensed transcripts, are not taxable because generally, they are incurred for convenience of counsel, as opposed to being necessarily obtained for use in the case. *See Watson v. Lake Cnty.*, 492 F. App'x 991, 997 (11th Cir. 2012) ("[Section] 1920 does not authorize recovery of costs for shipment of depositions'[.]"); *Garden-Aire Vill. S. Condo. Ass'n v. QBE Ins. Corp.*, No. 10-61985-CIV, 2013 WL 12086655, at *2 (S.D. Fla. June 13, 2013).

Both Kathryn Birren and Defendant are prevailing parties in this case: Defendant is the prevailing party as between Mandy Birren and Defendant because Mandy Birren achieved none of the benefits she sought, having voluntarily dismissed her claims with prejudice on the eve of trial, and Kathryn Birren is the prevailing party as between Kathryn Birren and Defendant because Kathryn Birren achieved some of the benefits she sought, having obtained a jury verdict in her favor. *See Emery v. Am. Airlines, Inc.*, 647 F. App'x 968, 973 (11th Cir. 2016) ("A defendant is a prevailing party if the plaintiff achieves none of the benefits it sought in pursuing the lawsuit.").

There is no question that Mandy Birren's deposition transcript was necessarily obtained for use in this case—the matter has already been decided and Mandy Birren does not here raise such an objection.[3] Otherwise, Mandy Birren advances no relevant authority in support of her argument that Defendant should be permitted to recover, at most, half of the cost of the transcript for her deposition. Nor does Mandy Birren advance authority standing for the proposition that, on a request to recover costs asserted against *Mandy* Birren, Defendant should not be permitted to

---

[3] As the prevailing party on her claims against Defendant, Kathryn Birren in her motion to tax costs (ECF No. 207) indeed sought to tax $413.00 in costs associated with obtaining a copy of the transcript of the deposition of Mandy Birren. Defendant did not dispute the necessity of the transcript. Nor did Defendant identify Mandy Birren's deposition as an "opposed deposition" in its response to Kathryn Birren's motion. *See* (ECF No. 210 at 3–6). Thus, the undersigned recommended that Kathryn Birren be awarded $378.00 in costs associated with the transcript of the deposition of Mandy Birren, accounting for a nontaxable $35.00 charge for a PDF and Mini copy of the transcript. (ECF No. 216 at 16–17). No objections to the Report and Recommendations were filed, which the District Court adopted after conducting a *de novo* review. (ECF No. 219). Thus, Kathryn Birren was awarded costs associated with the deposition transcript of Mandy Birren.

recover the cost of Mandy Birren's deposition transcript because her former co-plaintiff *Kathryn Birren* is the "greater" prevailing party as between Kathryn Birren and Defendant.

The burden is on Mandy Birren to overcome the "strong presumption" in favor of awarding taxable costs to Defendant. *Mathews*, 480 F.3d at 1276. I find that Mandy Birren has not overcome that burden.

To that end, review of the relevant invoice, (ECF No. 220-1 at 4), reveals that Defendant's request for $808.50 in costs associated with Mandy Birren's deposition transcript contains $35.00 in non-taxable costs associated with a condensed copy of the transcript ("Electronic PDF and Mini") incurred for the convenience of counsel. *Garden-Aire*, 2013 WL 12086655, at *2; *RGF Environmental Group v. Activ Tek Environmental Corp.*, No. 08–80682–CIV, 2010 WL 3269982, at *3 (S.D. Fla. July 21, 2010). Because Defendant may not recover this cost, I recommend that Defendant be awarded $773.50 in costs associated with the deposition transcript of Mandy Birren.[4]

### 3. Printing and Copying Costs

Defendant also requests $1,023.20 in copying costs, associated with creating copies of medical records, diagnostic films, exhibits, discovery, documents produced in discovery, and documents used at depositions and hearings. Plaintiffs oppose Defendant's request to tax the cost of copying Mandy Birren's medical records, arguing that the supporting invoices do not provide sufficient detail. According to Plaintiffs, the invoices in support of this requests do not identify the providers or copies each charge pertains to, such that it is "impossible to determine which costs were necessarily obtained for use in this case[.]" (ECF No. 222 at 5). Plaintiffs assert that many

---

[4] The invoice for Mandy Birren's deposition transcript contains recoverable costs associated with the appearance of the court reporter. *See Joseph v. Nichell's Caribbean Cuisine, Inc.*, 950 F. Supp. 2d 1254, 1259 (S.D. Fla. 2013) (noting that "[t]he cases that have permitted court reporter appearance fees reason that it is necessary for the court reporter to appear and record the testimony, and then to subsequently prepare the deposition transcript" and thus permitting recovery of such fees). I also recommend that Defendant be permitted to recover the $50.00 "VideoConference Setup" fee, as the invoice for the deposition transcript notes that the deposition occurred via the Zoom video conference platform. (ECF No. 220-1 at 4).

11

of the costs reflected in the invoice are unrelated to copying and printing.

In reply, Defendant asserts that its proffered invoices are sufficiently detailed, and that they support the breakdown of printing costs Defendant has provided in table form in the Amended Motion.

The cost of copying records is recoverable if "the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *EEOC*, 213 F.3d at 623; *see also* 28 U.S.C. § 1920(4). "In this regard, '[t]he costs of photocopies attributable to discovery, as well as copies of pleadings, correspondence, copies of exhibits and copies prepared for the court may all be recoverable[.]'" *Spatz v. Microtel Inns & Suites Franchising, Inc.*, No. 11-60509-CIV, 2012 WL 1587663, at *6 (S.D. Fla. May 4, 2012) (quoting *Rodriguez v. M.I. Quality Lawn Maint., Inc.*, No. 10-21031-CIV, 2012 WL 664275, at *6 (S.D. Fla. Feb. 9, 2012)). However, the "[u]se of information contained in a file is not a prerequisite to finding that it was necessary to copy the file." *EEOC*, 213 F.3d at 623.

In requesting copying costs, the prevailing party "cannot simply make unsubstantiated claims that copies of the documents were necessary," because they alone know the purpose of the copies. *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1335 (S.D. Fla. 2009). The prevailing party must provide more than the mere label that the costs they seek to recover are "copying costs." *See Lebron v. Royal Caribbean Cruises, Ltd.*, No. 1:16-CV-24687-KMW, 2021 WL 3007191, at *7 (S.D. Fla. June 28, 2021), *report and recommendation adopted*, No. 16-24687-CIV, 2021 WL 3005648 (S.D. Fla. July 15, 2021) ("General copying costs without further descriptions . . . however, are not recoverable."). Notwithstanding, the prevailing party is not required to articulate the specific reason for each photocopy. *See Roberts v. Carnival Corp.*, No. 19-CV-25281-KMM, 2021 WL 7542968, at *5 (S.D. Fla. Sept. 21, 2021) (quoting *Salvani v. Corizon Health, Inc.*, No.

12

17-24567-CIV, 2019 U.S. Dist. LEXIS 199373, at *10–13 (S.D. Fla. Nov. 15, 2019)) ("While prevailing parties are 'not require[d] . . . to articulate the specific reasons for each photocopy or exemplification – [they] must do more than point to an outline of the costs incurred.'").

The undersigned has reviewed each invoice supporting Defendant's request for printing and copying costs. To that end, I recommend that Defendant be permitted to recover $883.60 in printing and copying costs, consisting of $64.20 in costs associated with copies of medical records obtained from ACH Radiology on April 1, 2021; $753.00 in costs associated with copies of medical records obtained from All Children's Hospital on April 7, 2021; and $66.40 in costs associated with copies of medical records obtained from Spine & Orthopedic Specialists of South Florida on July 16, 2021. The invoices for these charges clearly identify that these costs were incurred to acquire copies of medical records for Mandy Birren from her medical providers. Each invoice also identifies the total number of pages copied, permitting calculation of the per page cost of copying. *See* (ECF No. 220-1 at 7–9).

However, Defendant may not recover $25.00 in costs associated with Spring Hill MRI on March 24, 2022. The invoice line item for this charge does not provide sufficient detail, as it does not actually identify what this charge is for. (ECF No. 220-1 at 6). Nor may Defendant recover $114.60 for "May copies" billed on May 28, 2021. *See Lebron*, 2021 WL 3007191, at *7.

Accordingly, I recommend that Defendant be permitted to recover $883.60 in printing and copying costs.

### 4. Request for Interest

Last, Defendant requests that the award of costs in its favor accrue interest at the statutory rate. Defendant may accrue interest on an award of taxable costs. *See Spatz*, 2012 WL 1587663, at *8 (quoting *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1052 (11th Cir.

1994)) ("The Eleventh Circuit, recognizing that § 1961(a) applies to awards of costs, has held that 'interest shall accrue on . . . taxable costs[.]'").

Accordingly, the undersigned recommends that Defendant be awarded interest on the costs it is permitted to tax, in accordance with 28 U.S.C. § 1961.

## IV. RECOMMENDATIONS

For the foregoing reasons, the undersigned **RECOMMENDS** that Defendant Royal Caribbean Cruises, Ltd.'s Amended Verified Motion to Tax Costs (ECF No. 220) be **GRANTED, in part**, and that Defendant be awarded a total of **$1,697.10** in taxable costs, entered against former Plaintiff **Mandy Birren**, consisting of $40.00 for the fees associated with service of a subpoena, $773.50 in court reporter and transcription fees, and $883.60 in costs associated with obtaining copies of medical records, such award to accrue interest in accordance with 28 U.S.C. § 1961.

A party shall serve and file written objections, if any, to this Report and Recommendations with the Honorable Beth Bloom, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 3rd day of January, 2023.

LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

cc: Honorable Beth Bloom
    Counsel of Record